Angel David **SANTOS–MARTINEZ, et al., Plaintiffs, Appellants,**

v.

Victor M. **SOTO–SANTIAGO, etc., et al., Defendants, Appellees.**

No. 88–1217.

United States Court of Appeals, First Circuit.

Heard Nov. 1, 1988.

Decided Dec. 19, 1988.

Rehearing and Rehearing En Banc Denied Jan. 31, 1989.

---

Juan Lorenzo Rodriguez Quesada, Arecibo, P.R., with whom Luis Munoz Rivera, Hato Rey, P.R., and Pedro Miranda Corrada, San Juan, P.R., were on brief, for appellants.

Miguel Pagan, San Juan, P.R., with whom Eliezer Aldarondo Ortiz and Aldarondo & Lopez Bras, Hato Rey, P.R., were on brief, for appellees.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and COFFIN, Circuit Judge.

LEVIN H. CAMPBELL, Chief Judge.

Federal Rule of Appellate Procedure 3(c) provides that a notice of appeal "shall specify the party or parties taking the appeal." Earlier this year, in *Torres v. Oakland Scavenger Co.,* —— U.S. ——, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court made clear that this specificity about who is appealing is a jurisdictional requirement. *Id.,* 108 S.Ct. at 2408. A court of appeals lacks the power to entertain an appeal from a party who is not *specified* in the notice of appeal.

■ In the present case, the district court granted summary judgment to the defendants—the mayor and the municipal government of Toa Baja, Puerto Rico—against a group of plaintiffs who had alleged that they were dismissed from their positions as municipal employees for illegitimate political reasons. There were initially eight plaintiffs in the case. Some subset of these plaintiffs filed a notice of appeal. The caption of the notice of appeal identified the plaintiff only as follows:

ANGEL DAVID SANTOS MARTINEZ et al

Plaintiffs

The text of the notice of appeal included the following:

All plaintiffs appeal to the First Circuit Court of Appeals the Opinion and Order of November 30, 1987.... Said Opinion and Order granted defendants' request for summary judgment based on the

Court's finding that there was insufficient evidence to establish a prima facie case of political discrimination. As a result, the District Court dismissed all the here appearing plaintiffs [sic] claims.

After receiving the parties' briefs, we issued the following order:

The Court notes that appellants' notice of appeal, although purported to be filed for "all plaintiffs," necessarily refers to something less than all the original named plaintiffs, viz. Angel David Santos Martinez and Tomas Padilla Salas voluntarily withdrew in the district court.... Moreover, Felicita Chavez [should be Charriez] Rosa is not mentioned anywhere in the appellants' brief. This lack of clarity as to who are appellants raises a question as to whether this court has jurisdiction over this appeal. *See Torres v. Oakland Scavenger Co.,* —— U.S. ——, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).

We invited the parties to submit supplemental briefs on this jurisdictional issue. We have since received such a supplemental brief for the appellants, and have heard the parties address the issue at oral argument. We are constrained to find that the notice of appeal failed to comply with Rule 3(c)'s requirement of "specify[ing] the party or parties taking the appeal." Accordingly, we conclude that we lack jurisdiction to entertain this appeal.

■ Although there were initially eight plaintiffs in this action, only five are mentioned in appellants' brief. The appellants explain that two of the original plaintiffs, Angel David Santos Martinez (the only individual named in the notice of appeal) and Tomas Padilla Salas, voluntarily withdrew in the district court and so were not parties to the appeal when filed. Appellants also tell us that after the notice of appeal was filed, Felicita Charriez Rosa decided to withdraw from the appeal. In addition, appellants now inform us that Gamaliel Santos Martinez (also known as Joel Santos) and Maria Cristina Hernandez have withdrawn from the appeal since the time

---

* Of the Fifth Circuit, sitting by designation.

that the appellants' brief was filed. This leaves only three plaintiffs who now purport to be appealing—Eugenio Hernandez Rodriguez, Elizabeth Ayala Melendez, and Lila Santiago Fuentes. None of them were named or otherwise specifically identified in the notice of appeal.

We conclude that the appeals of these three remaining plaintiffs must be dismissed, because it cannot be said that the notice of appeal specifies any one of them. It is true that in the caption of the notice of appeal, following the name of "ANGEL DAVID SANTOS MARTINEZ," appear the words "et al." The Supreme Court held in *Torres,* however, that "et al." does not satisfy the specificity requirement of Rule 3(c). In the *Torres* case, the name of Jose Torres was inadvertently omitted from the list of plaintiffs who were taking an appeal. As here, the notice of appeal included the phrase "et al.".[1] The Supreme Court held that the "et al." did not suffice to indicate Torres's intention to appeal:

> The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to either intended recipient. Permitting such vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions. The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal.

*Torres,* 108 S.Ct. at 2409. Similarly, the use of the phrase "et al." in the caption of the present appeal is inadequate to specify the plaintiffs who were actually appealing. *See also Appeal of District of Columbia Nurses' Association,* 854 F.2d 1448 (D.C. Cir.1988) (court lacks jurisdiction to enter-

tain appeal from unnamed appellants based on the use of the term "et al.").

In their supplementary brief, appellants argue that their case is distinguished from *Torres* by the statement in the notice of appeal that "*All* plaintiffs appeal...." (Emphasis added.) But most of the Supreme Court's reasoning for rejecting the "et al." designation applies equally in the circumstances of this case to the words, "All plaintiffs." We know, in fact, that fewer than all plaintiffs were appealing, and there was no way that the appellees and the court could tell with certitude who the actual appellants were. The ambiguity of the reference to "all plaintiffs" is pointed up by the notice of appeal's subsequent statement that "the District Court dismissed *all the here appearing plaintiffs* claims" (emphasis added). The reference to "all the here appearing plaintiffs" does nothing to specify *which* plaintiffs were "here appearing." The *Torres* Court held that it was precisely in order to avoid such ambiguity that Rule 3(c) requires that a notice of appeal "shall specify the party or parties taking the appeal." Litigants should name each appellant rather than relying on vague, generic references. In the words of Hamlet, at the close of Act 1, Scene 2, "*All* is not well" (emphasis added).

Appellants suggest that despite their failure to identify specifically those plaintiffs who were appealing, "there is no lack of clarity in the manifested purpose of all plaintiffs, including the three remaining appellants, to seek review." But the purpose of all plaintiffs to seek review was anything but manifest. Plainly the two plaintiffs who had earlier withdrawn from the case had neither the purpose nor the standing to seek review. That the appellees and the court might, by further inquiry, eventually ascertain the identity of the actual appellants is not enough, as the *Torres* Court has indicated in its near-unanimous decision. Appellants must comply with the language of Rule 3(c)—that is, they must "specify the party or parties taking the

---

1. It is not clear from the Supreme Court's summary of the facts in *Torres* whether the "et al." appeared in the caption or in the body of the

notice of appeal. Nothing turns on this question for our present purposes.

appeal."[2] It does not suffice that the actual appellants are now known and that no harm may have been done by reason of the insufficient notice of appeal. Because Rule 3(c) is jurisdictional, the Supreme Court has stated that "harmless error" analysis is inapplicable to a defect in the notice of appeal: "a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court." *Torres*, 108 S.Ct. at 2409 n. 3. *See also Hays v. Sony Corp. of America*, 847 F.2d 412, 420 (7th Cir.1988) (noting that under *Torres* the failure to name an appellant in a notice of appeal necessitates dismissal of the appeal, even if the appellee was not misled).

Appellants also imply that *Torres* is inapplicable to their appeal because *Torres* had not been decided at the time their notice of appeal was filed. We do not agree. We apply the law as it exists at the time of our decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). We find no such warrant to disregard *Torres* in this appeal. Other circuits have similarly concluded that *Torres* is applicable to appeals that had been filed before the *Torres* decision was issued. *Meehan v. County of Los Angeles*, 856 F.2d 102, 105 (9th Cir.1988); *In re Woosley*, 855 F.2d 687 (10th Cir. 1988); *Appeal of District of Columbia Nurses' Association*, 854 F.2d 1448 (D.C. Cir.1988); *Hays v. Sony Corp. of America*, 847 F.2d 412, 420 (7th Cir.1988). We do not share the view of the Eighth Circuit that *Torres* announces "a procedural change in the law," which need not be given retroactive application. *McMichael v. United States*, 856 F.2d 1024, 1025 (8th Cir.1988) (declining to apply *Torres* retroactively). Rather than announcing a procedural *change*, we understand the *Torres* Court to have explicated a procedural rule as it has always existed—that a federal appellate court does not have jurisdiction over a par-

ty who is not specified in the notice of appeal.

Justice Marshall wrote for the Supreme Court in *Torres*, 108 S.Ct. at 2409 (citation omitted): "We recognize that construing Rule 3(c) as a jurisdictional prerequisite leads to a harsh result in this case, but we are convinced that the harshness of our construction is 'imposed by the legislature and not by the judicial process.'" Similarly, we recognize that the application of *Torres* to the case at hand leads to a harsh result for the three plaintiffs. In light of *Torres*, however, we have no jurisdiction over would-be appellants who were not specified in the notice of appeal.

APPEAL DISMISSED.

---

**2.** As already noted, "The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court *of the identity of* the appellant or appellants." *Torres*, 108 S.Ct. at 2409 (emphasis added).