**Magda Marin PIAZZA, et al.,
Plaintiffs, Appellees,**

v.

**Awilda APONTE ROQUE, et al.,
Defendants, Appellants.**

No. 90–1135.

United States Court of Appeals,
First Circuit.

Heard June 8, 1990.

Decided July 25, 1990.

Noel Vera–Ramirez, Atty., Federal Litigation Div., with whom Jorge E. Perez–Diaz, Sol. Gen., and Vannessa Ramirez, Asst. Sol. Gen. for the Dept. of Justice of the Comm. of Puerto Rico, were on brief, for defendants, appellants.

Frank Rodriguez–Garcia, with whom Francisco J. Rodriguez Juarbe and Felix A. Colon Miro were on brief, for plaintiffs, appellees.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and TORRES,* District Judge.

BOWNES, Senior Circuit Judge.

This is a second endeavor by four Puerto Rico school officials to appeal an award of damages to plaintiffs, two teacher's aides who were wrongfully terminated from their positions. Having scrutinized the procedural history of the case and the ap-

---

* Of the District of Rhode Island, sitting by desig-     nation.

plicable rules, we conclude that the school officials have no right to further review of the judgment against them and therefore dismiss for want of jurisdiction.

## I. PROCEDURAL HISTORY

Plaintiffs Magda Marin–Piazza and Victor Rivera–Rivera brought an action for damages and injunctive relief under 42 U.S.C. § 1983 (1982) against the Secretary of Education of Puerto Rico, Awilda Aponte–Roque, and four other education officials, Agustin Lao, Osvaldo Pagan, Ernesto Luis Santiago Figueroa and Nydia Ortiz. Marin–Piazza and Rivera–Rivera alleged that the officials declined to renew their teaching contracts for the school year 1985–86, solely on account of their affiliation with the New Progressive Party (NPP), which lost the 1984 gubernatorial elections in Puerto Rico.[1] Plaintiffs also brought a pendent claim for double damages under two Puerto Rico anti-discrimination laws, P.R. Laws Ann. tit. 29, §§ 136 and 146.[2]

The jury found the officials liable and awarded identical damages to plaintiffs: $10,900 in back pay; $5,000 in "other compensatory damages," and $15,000 in punitive damages. In addition, pursuant to the local anti-discrimination laws, the district court ordered the officials to reinstate the plaintiffs and pay them double the back pay and compensatory damages found by the jury. Judgment was entered on May 20, 1987.

Defendants sought to appeal but failed to identify themselves in their notice of appeal. Consequently, under *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988),[3] we held that the only defendant properly before the court was Aponte–Roque, whose name appeared in the caption of the notice of appeal. *See Marin–Piazza v. Aponte–Roque*, 873 F.2d 432, 433 (1st Cir.1989) (*Marin–Piazza I*). Finding the evidence sufficient to support the jury's verdict, we affirmed the award of back pay and compensatory damages. *Id.* at 434–35. We reversed the trial court's award of punitive damages, however, because we did not find sufficient evidence that Aponte–Roque acted with evil motive or with reckless indifference to the plaintiffs' federally protected rights. *Id.* at 435. We also reversed and set aside the double damages awards because we found neither section 146 nor 136 applicable under the circumstances. We determined that section 146 did not apply because the Department of Education was not an agency operating as a private business. *Id.* at 436. And we held that section 136 did not apply because the

1. The underlying facts of the case are detailed in *Marin–Piazza I*, 873 F.2d at 433.

2. Section 136 of Title 29 of P.R.Laws Ann. states:
   Interference with political party affiliation—Civil Liability
   Any employer who dismisses, suspends, refuses to reinstate in his job, demotes, reduces the pay, or increases the working hours of, or imposes or attempts to impose heavier working conditions on, any employee or ex-employee; or who in any way discriminates against him, or threatens to commit any such act, on the grounds of his affiliation with a particular political party, shall be civilly liable for a sum equal to double the amount of the damages he may have caused the said employee or ex-employee through such action.... The court may also direct the employer to reinstate the laborer in his employ, and to desist and cease from committing the act in question.
   Section 146 of Title 29 of P.R.Laws Ann. states:
   Any employer who discharges, lays off or discriminates against an employee regarding

his salary, wage, pay or remuneration, terms, rank, conditions, or privileges of his work, or who fails or refuses to hire or rehire a person, or who limits or classifies his employees in any manner which tends to deprive a person of employment opportunities, or to affect his status as an employee, on the basis of age, as defined hereinafter, race, color, sex, social or national origin or social position, political or religious beliefs of the employee or applicant for employment:
   (a) shall incur civil liability (1) for a sum equal to twice the amount of damages sustained by the employee or applicant for employment on account of such action; ...

3. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) makes clear that specificity about who is appealing is a jurisdictional requirement. A court of appeals lacks the power to entertain an appeal from a party who is not specified in the notice. *Santos–Martinez v. Soto–Santiago*, 863 F.2d 174 (1st Cir.1988).

eleventh amendment barred recovery against defendant in her official capacity and, since defendant was plaintiffs' "employer" only in her official capacity, recovery against her as an individual was barred. *Id.* at 437.

On remand, the district court relieved not only Aponte–Roque but all of the officials of their obligation to pay punitive damages, double back pay and double compensatory damages.[4] Plaintiffs moved to amend the Amended Judgment to conform with the judgment of the court of appeals, arguing first that the district court lacked jurisdiction to modify its original judgment as to the four *sua sponte* because the judgment had become final when they failed to appeal properly, and second, that this court specifically ordered a modification of the original judgment only as to defendant Aponte–Roque. Agreeing with plaintiffs, the district court entered a Second Amended Judgment requiring the four officials to pay damages as originally ordered. Defendants then filed their own motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and a motion requesting relief from judgment under Rule 60(b). The district court responded with an order stating that the judgment entered against the four officials on May 20, 1987, (the original judgment), and re-entered on October 26, 1989, was final.

On appeal, Lao, Pagan, Santiago and Ortiz claim that the district court's order reinstating its original judgment is erroneous as a matter of law in light of our decision in *Marin–Piazza I*. They contend that because we found that plaintiffs could not recover from Aponte–Roque under P.R. Laws Ann. tit. 29, Sec. 136 and Sec. 146, plaintiffs are barred by the law of the case doctrine from "relitigating before the trial court the issue of double damages compensation."

Plaintiffs counter that it is the defendants who are attempting to relitigate an already-settled issue. In their view, the

district court's judgment against Lao, Pagan, Santiago and Ortiz became final when the four failed to appeal properly within the time allowed. Therefore, they argue, the district court contradicted the principles of res judicata when it amended the original judgment to take away the double damages award, and merely corrected its "good faith error" when it restored that judgment.

## II. DISCUSSION

### A. Issue Not Briefed or Raised Below

■ At oral argument, defendants challenged for the first time the timeliness of plaintiffs' motion to amend the Amended Judgment. Fed.R.App.P. 28(a) states that the brief of the appellant "*shall* contain" (emphasis added) a statement of the issues presented for review and the contentions of the appellant with respect to the issues presented. This requirement informs the appellee of the scope of the appeal and enables him or her to prepare briefs and arguments accordingly. Except in extraordinary circumstances not present here, a court of appeals will not consider an issue raised for the first time at oral argument. Thus, even though we allowed plaintiffs to file a "Post Argument Motion" disputing defendants' contention, we deem the issue to have been waived. *See Playboy Enterprises, Inc. v. Public Service Commission of Puerto Rico,* 906 F.2d 25, 40–41 (1st Cir.1990). *See also* Wright, Miller, Cooper and Gressman, *Federal Practice and Procedure: Jurisdiction* § 3974.

### B. Res Judicata and The Law of the Case

■ In *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), the Supreme Court summed up the doctrine of res judicata in a sentence: "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised

---

**4.** Our opening paragraph in *Marin–Piazza I* made clear that the only appellant properly before the court was Awilda Aponte–Roque and that our holdings were limited accordingly. Nevertheless, in discussing Aponte–Roque's liability, we erroneously stated that damages under section 136 were not available against "defendants in their official capacities" instead of "defendant in her official capacity." 873 F.2d 432, 436. We accept responsibility for any confusion caused the district court by this editorial error.

in that action." *Id.* at 398. While analogous, the law of the case doctrine applies within the context of a single action rather than as a bar to subsequent actions.

> As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. See 1B J. Moore & T. Currier, *Moore's Federal Practice* ¶ 0.404 (1982).

*Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1982). Like res judicata, the law of the case doctrine "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 815–816, 108 S.Ct. 2166, 2176–2177, 100 L.Ed.2d 811 (1987). Unlike res judicata, which is not a technical rule but a rule of "fundamental and substantial justice," *Hart Steel Co. v. Railroad Supply Co.,* 244 U.S. 294, 299, 37 S.Ct. at 506, 507–08, 61 L.Ed. 1148 (1917), the law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided." *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). Under the law of the case doctrine it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice. *Arizona,* 460 U.S. at 618, n. 8, 103 S.Ct. at 1391, n. 8. But res judicata is less flexible: "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dept. Stores, Inc.,* 452 U.S. at 398, 101 S.Ct. at 2428.

Describing these rules is easier than applying them, particularly where there are multiple co-defendants, one of whom has successfully appealed an erroneous ruling and others who have failed to appeal altogether. It has been said that the generally accepted rule in civil cases is that "where less than all of the several co-parties appeal from an adverse judgment, a reversal as to the parties appealing does not necessitate or justify reversal as to the parties not appealing." *Nat'l Ass'n of Broadcasters v. F.C.C.,* 554 F.2d 1118, 1124 (D.C.Cir. 1976). Nevertheless, in *Nat'l Ass'n of Broadcasters,* the court held that the broadcasters were not barred from seeking review of agency action by their failure to appeal, with a co-party, a prior judgment of the Court of Appeals, or by their failure to apply for a rehearing in the Court of Appeals after the appealed portion of that judgment was invalidated by the Supreme Court. *Id.* at 1123–1127. Even *Moore's Federal Practice* offers conflicting analyses of the effect of an appeal of part of a judgment, and decision thereon by an appellate court, upon the unappealed remainder of the judgment where no separate action has been commenced. Compare the following excerpts from 1B J. Moore, J. Lucas and T. Currier, *Moore's Federal Practice* (2d ed. 1988). Paragraph 0.404[4.--3] states:

> If an appeal is taken from only a part of the judgment, the remaining part is res judicata, and the vacation of the portion appealed from and remand of the case for further proceedings does not revive the trial court jurisdiction of the unappealed portion of the judgment. Thus the more flexible doctrine of law of the case has no application.

Paragraph 0.416[1] states:

> Particular lower court determinations that are left intact by the appellate court's judgment because not passed upon are generally adhered to on remand, but this is an aspect of the doctrine of law of the case rather than res judicata or collateral estoppel.

Rather than venture further into this theoretical thicket, we turn our attention to the Federal Rules of Appellate Procedure.

### C. Failure to Perfect a Timely Appeal

██ Under Federal Rule of Appellate Procedure 4(a), a notice of appeal in a civil case must be filed within thirty days of entry of the judgment or order from which the appeal is taken.

> This thirty-day time limit is "mandatory and jurisdictional." *United States v. Robinson,* 361 U.S. 220, 229 [80 S.Ct. 282, 288, 4 L.Ed.2d 259] (1960). *See also Fallen v. United States,* 378 U.S. 139 [84

S.Ct. 1689, 12 L.Ed.2d 760] (1964); *Coppedge v. United States,* 369 U.S. 438, 442 [82 S.Ct. 917, 919, 8 L.Ed.2d 21] (1962); *United States v. Schaefer Brewing Co.,* 356 U.S. 227 [78 S.Ct. 674, 2 L.Ed.2d 721] (1958); *Matton Steamboat Co. v. Murphy,* 319 U.S. 412, 415 [63 S.Ct. 1126, 1128, 87 L.Ed. 1483] (1943); *George v. Victor Talking Mach. Co.,* 293 U.S. 377, 379 [55 S.Ct. 229, 230, 79 L.Ed. 439] (1934). The purpose of the rule is clear: It is "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the statute would defeat its purpose." *Matton Steamboat, supra,* at 415, 63 S.Ct. at 1128.

*Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560–561, 54 L.Ed.2d 521 (1978). Absent circumstances not present here, the inescapable consequence of failure to appeal a judgment within the time allowed is that the judgment becomes final. Thus, the crucial issue that we decided in *Marin–Piazza I* relative to these four defendants was that because their names were not properly specified in the notice of appeal, no appeal was filed on their behalf. *Torres,* 487 U.S. at 314, 108 S.Ct. at 2407. Since the time for appealing the district court's original judgment has long since expired, the judgment against Lao, Pagan, Santiago and Ortiz is no longer appealable.

A recent Puerto Rico Supreme Court decision substantiates our holding in *Marin–Piazza I* that section 146 does not apply to government employers.[5] But defendants cannot now use that holding. As the Supreme Court noted in *Torres,* "[A]lthough a court may construe the [Federal] Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met."

*Torres,* 487 U.S. at 317, 108 S.Ct. at 2409. Nor can a litigant's failure to clear a jurisdictional hurdle be deemed "harmless" or waived by a court. *Id.* at 317, n. 3, 108 S.Ct. at 2409, n. 3. "In certain areas of the law, it is altogether evident that the Supreme Court has demanded clarity and strict adherence to promulgated rules, even though notions of equity in a given case may argue to the contrary." *Minority Employees v. Tennessee Dept. of Emp. Sec.,* 901 F.2d 1327 (6th Cir.1990) (*en banc*) (construing Fed.R.App.P. 3 to be like Fed. R.App.P. 4 in requiring strict adherence).

### III. CONCLUSION

Defendants' failure to perfect an appeal within the time period allowed by Fed.R. App.P. 4(a) constrains us to dismiss their appeal for want of jurisdiction. Thus, the original judgment against Lao, Pagan, Santiago and Ortiz, as re-entered by the district court on October 26, 1989, still stands and is final.

---

5. In *Rodriguez Cruz v. Padilla Ayala,* Case No. R–84–433 (Feb. 12, 1990), the court held that neither the government of Puerto Rico nor its municipalities are employers within the purview of section 146. The case is reported in Spanish at 90 JTS 23 and CA 90–23. We were also provided with a copy of the official English translation.