Elias **RIVERA**, et al.,
Plaintiffs, Appellants,

v.

**PUERTO RICO TELEPHONE COMPANY**, et al., Defendants, Appellees.

Nos. 90–1125, 90–1527.

United States Court of Appeals,
First Circuit.

Heard Nov. 6, 1990.

Decided Dec. 21, 1990.

Luis F. Abreu–Elías, with whom Wally de la Rosa, San Juan, P.R., was on brief for plaintiffs, appellants.

Pedro Pumarada, with whom Priscilla Anne Whitehead and Fiddler, González & Rodríguez, San Juan, P.R., were on brief, for defendants, appellees.

Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.

TORRUELLA, Circuit Judge.

Before us on appeal is a political discrimination case brought before the District Court for the District of Puerto Rico charging defendants with impinging plaintiffs' civil rights in violation of 42 U.S.C. § 1983 and with maliciously prosecuting plaintiffs in breach of local tort law. Both plaintiffs and individual defendants are employees of the Puerto Rico Telephone Company. Plaintiffs contend that defendants, for politically motivated reasons, caused them to be charged with job related criminal activities.[1] Two appeals have been joined. We will address each in turn. For the reasons set forth below, we affirm the district court judgment as to both.

*Motion to Amend Notice of Appeal*

The sequence of events in this case is as follows. The original complaint was filed on October 22, 1986. Eight plaintiffs were named: Elías Rivera, Juan Cruz–Medero, Carlos Rivera-de Souza, Víctor Berríos–Collazo, Juan Laureano, Juan M. Colón–Pineda, Luis Lorenzana–Rodríguez and Jesús Sierra. On December 11, 1989, the district court entered summary judgment in favor of defendants. Plaintiffs filed a motion for reconsideration, which was denied on January 8, 1990. Plaintiffs appealed from that order on January 9, 1990. Notice of appeal listed plaintiff-appellants as "Elías Rivera, et als." On February 20, 1990, this court issued an order admonishing plaintiffs that it might not have jurisdiction to consider the appeal of any plaintiff other than Elías Rivera because the body and caption of the

notice of appeal specifically named only Elías Rivera. On February 22, 1990, plaintiffs filed a motion to amend notice of appeal or to extend time to amend under Rule 4(a)(5), Fed.R.App.P., in order to state the proper names of all plaintiffs seeking to be included in the appeal. The amended appeal named seven of the original eight plaintiffs.[2]

The district court granted plaintiffs' February 22, 1990, motion in a marginal order dated February 26, 1990. On February 27, 1990, however, the U.S. Magistrate granted defendants a 10 day extension to respond to plaintiffs' motion because plaintiffs had not complied with the notice requirement set forth in Rule 4(a)(5).[3] In order to resolve the conflict between the two rulings, defendants filed, on March 21, 1990, a motion requesting clarification and in opposition to plaintiffs' motion to amend notice of appeal. Upon reconsideration, on May 7, 1990, the district court reversed its February 26 marginal order.

Plaintiffs challenge reversal on two grounds. First, plaintiffs maintain that the district court should not have entertained defendants' motion for clarification and in opposition to the motion to amend because defendant's motion was really a Rule 59(e) motion for reconsideration and was filed after the 10 day time period for reconsideration had expired. Fed.R.Civ.P. 59(e). And second, plaintiffs argue that the original February 26 order was proper because they should have been allowed an extension of time to amend the notice of appeal based upon the existence of excusable neglect or good cause. We disagree.

■ First, defendants' motion was properly classified under Rule 60(b)(6), Fed.R.Civ.P. Rule 60(b)(6) allows the district court to vacate an order for any reason justifying relief provided the party seeking relief files such a motion within reasonable time and

---

1. Criminal charges were later dismissed at the request of the government for lack of evidence.

2. Jesús Sierra was omitted. A renewed motion to amend notice of appeal to add Jesús Sierra was filed on March 2, 1990.

3. Rule 4(a)(5) requires notice to be given to the other parties in accordance with local rules. The applicable local rule in this case is Local Rule 311.3 of the Local Rules for the District of Puerto Rico which allows the opposing party 10 days to respond to a motion upon notification of the same.

provided the reasons for such relief are not governed by the first five subdivisions of the rule. Fed.R.Civ.P. 60(b)(6); *see Lilje-berg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988). The decision to grant such relief is committed to the sound discretion of the district court and should only be reversed for abuse of discretion. *United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 660 (1st Cir.1990); *Anderson v. Cryovac, Inc.,* 862 F.2d 910, 923 (1st Cir. 1988). We find no abuse of discretion under the circumstances of this case.

■ Unlike Rule 59(e), Rule 60(b)(6) does not impose a specific time limit for filing. The only requirement is that motions under Rule 60(b)(6) be made within a "reasonable" time. Fed.R.Civ.P. 60(b)(6); *Boch Oldsmobile,* 909 F.2d at 660. Defendants' motion for clarification and in opposition to plaintiffs' motion to amend was filed just 23 days after the district court issued its February 26 order, a time period which could well be considered reasonable by the district court. *See Limerick v. Green-wald,* 749 F.2d 97, 99 (1st Cir.1984) (holding that 30 days is reasonable).

■ Moreover, the district court acted within its discretion in reversing the February 26 marginal order. Although it is generally accepted that relief under Rule 60(b)(6) should be granted only under exceptional circumstances, *Rivera v. M/T Fossarina,* 840 F.2d 152, 156 (1st Cir.1988) (citations omitted), such circumstances exist in this case. The fact that plaintiffs' motion was not properly notified to defendants as required under Rule 4(a)(5) deprived defendants of the opportunity to respond to plaintiffs' motion prior to issuance of the February 26 marginal order. In addition, the existence of conflicting orders by the district court and the U.S. Magistrate created a need for clarification. Under these circumstances, we cannot say that the district court abused its discretion

in granting the 60(b) motion for relief from judgment.

■ Having vacated the February 26 order, the district court then appropriately reconsidered the merits of the plaintiffs' request to extend time in light of the defendants' opposition to the motion. The court's subsequent denial of plaintiffs' motion to extend time, we think, was justified. Timely filing of a notice of appeal is mandatory. The failure to name a party in a notice of appeal constitutes failure of that party to appeal. *Marin Piazza v. Aponte Roque,* 909 F.2d 35, 39 (1st Cir.1990); *see* Fed.R.App.P. 3(c). Use of the term "plaintiffs" or "et als." has been deemed insufficient to preserve an appeal for unnamed parties. *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 318, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988); *Santos–Martinez v. Soto–Santiago,* 863 F.2d 174, 176 (1st Cir.1988). "It does not suffice that the actual appellants are now known and that no harm may have been done by reason of the insufficient notice of appeal." *Santos–Martinez,* 863 F.2d at 177. The court must apply the law as it exists despite the fact that it may lead to a harsh result. *Id.*

The district court may, however, upon a showing of excusable neglect or good cause, extend the time for filing a notice of appeal provided said motion is filed not later than 30 days after the expiration of the original time period for appeal. Fed.R. App.P. 4(a)(5). In this case, the original time period for filing notice of appeal, 30 days, had expired. Fed.R.App.P. 4(a)(1). Plaintiffs did, however, meet the deadline for filing a motion to extend time to appeal.[4] Nevertheless, in order to prevail, plaintiffs also had to demonstrate the existence of good cause or excusable neglect. As there is no evidence of clerical error on the part of the court, we must assume that failure to name all interested plaintiffs was the result of oversight, mistake, or inadvertence on the part of plaintiffs themselves or on the part of their attorneys.

---

**4.** The order denying plaintiffs' motion for reconsideration from which plaintiffs now appeal was issued on January 8, 1990. The original time period for filing notice of appeal was 30 days, until February 7, 1990. An extension of time to file could have been granted for good cause or excusable neglect for an additional 30 days, until March 9, 1990. Plaintiffs' motion to amend notice of appeal or extend time to amend was filed on February 22, 1990.

Such a mistake does not constitute excusable neglect for purposes of Rule 4(a)(5) except in unusual or extraordinary circumstances. *Airline Pilots in the Service of Executive Airlines, Inc., Counsel Number 2, Union of Professional Airmen v. Executive Airlines, Inc.*, 569 F.2d 1174, 1175 (1st Cir.1978). We can find no such unusual or extraordinary circumstances here. Thus plaintiffs have failed to meet the burden of Rule 4(a)(5). Therefore the district court acted well within its discretion in determining that its original grant of plaintiffs' motion to amend was improvident and that the interests of justice would be better served by a Rule 60(b)(6) reversal.

Accordingly, we hold that reversal of the February 26 order did not constitute abuse of discretion on the part of the district court. The judgment below is therefore *affirmed.*

### Motion for Reconsideration

In accordance with our holding above, the only appellant before us on the issue of the district court's denial of plaintiffs' motion for reconsideration of summary judgment is Elías Rivera. The district court ably resolved the issue of summary judgment below and we find no reason to add thereto. We *affirm* based on the well reasoned opinion of the district court.

*Affirmed.*