United States Court of Appeals
For the First Circuit

No. 93-1589

WILLIAM GOCHIS, ET AL.,

Plaintiffs, Appellants,

v.

ALLSTATE INSURANCE CO., ET AL.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Selya, Cyr, and Stahl,
Circuit Judges.

ERRATA SHEET

The opinion of this Court issued on February 10, 1994, is amended
as follows:

Page 3, footnote 3, revised as follows:

Fed. R. App. P. 3(c) states, inter alia, that the notice of

appeal "shall specify the party or parties taking the

appeal." (emphasis supplied). We note that Fed. R. App. P.
3(c) has been amended effective December 1, 1993. However,
since neither party has raised the applicability of the
revised rule, we have not considered the amendment in this
appeal.

United States Court of Appeals
For the First Circuit

No. 93-1589

WILLIAM GOCHIS, ET AL.,

Plaintiffs, Appellants,

v.

ALLSTATE INSURANCE CO., ET AL.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Selya, Cyr, and Stahl,
Circuit Judges.

Nelson P. Lovins with whom Sarah Tucker and Lovins & Metcalf were

on brief for appellants.
James W. Nagle with whom Robert M. Hale, Thomas M. Hefferon, and

Goodwin, Procter & Hoar were on brief for appellee.

February 10, 1994

Per Curiam. Plaintiffs-appellants William Gochis,
Per Curiam

et al., attempt to appeal the district court's grant of

summary judgment in favor of defendant Allstate Insurance Co.

Because plaintiffs' notice of appeal is ineffective, however,

we dismiss for lack of appellate jurisdiction.

I.

Factual and Procedural Background

A. The Dispute

This case involves a compensation dispute between

plaintiffs, seventy-nine former Massachusetts insurance sales

agents ("Agents"), and their employer, defendant Allstate

Insurance Company ("Allstate"). Agents worked for Allstate

pursuant to an Agent Compensation Agreement until Allstate,

discouraged by its inability to turn a profit under the

Massachusetts insurance regime, ceased doing business in

Massachusetts in 1989.

In September 1990, seventy-six1 of the plaintiffs

filed a suit against Allstate alleging, inter alia, breach of

the implied covenant of good faith and fair dealing.

Allstate moved for summary judgment on two occasions, and the

district court granted both motions.2

1. The remaining three plaintiffs were added with leave of
the court on November 25, 1991 and January 16, 1992.

2. Allstate's first motion for summary judgment, against
five of the Agents, was granted in segments by the district
court in oral rulings on June 9, 1992 and February 10, 1993,
and in a February 19, 1993, written decision. Allstate's

-2-
2

B. Jurisdictional Chaos

The appellate jurisdictional woes of the Agents

began when they subsequently filed a timely notice of appeal.

Instead of naming all seventy-nine Agents, the caption in the

notice of appeal merely listed the appellants as "William

Gochis, et. al." The appealing Agents were further

identified in the body of the notice as "all of the

plaintiffs in the above-entitled action."

Agents' counsel was notified by the Clerk's Office

that, under Fed. R. App. P. 3(c),3 the notice could be

deemed defective as to all plaintiffs other than Gochis. In

response to this notification, because the thirty-day period

for filing a notice of appeal under Fed. R. App. P. 4(a)(1)

had elapsed, Agents' counsel filed with the district court a

Fed. R. App. P. 4(a)(5)4 motion to extend the time for

second motion for summary judgment, against the other
seventy-four Agents, was granted by the district court in an
oral decision on April 8, 1993.

3. Fed. R. App. P. 3(c) states, inter alia, that the notice

of appeal "shall specify the party or parties taking the

appeal." (emphasis supplied). We note that Fed. R. App. P.
3(c) has been amended effective December 1, 1993. However,
since neither party has raised the applicability of the
revised rule, we have not considered the amendment in this
appeal.

4. Fed. R. App. P. 4(a)(5) states in relevant part that:

The district court, upon a showing of
excusable neglect or good cause, may extend the
time for filing a notice of appeal upon motion
filed not later than 30 days after the expiration
of the time prescribed by this Rule 4(a). . . .

-3-
3

filing a new notice of appeal. By margin order, and over

Allstate's objection, the district court granted the

extension. A new notice of appeal naming all seventy-nine

Agents was then filed and docketed. Thereafter, Agents'

counsel voluntarily filed a motion to withdraw the first

notice of appeal. We granted this motion in June 1993.

II.

Discussion

On appeal, Allstate claims that the district court

erred in granting Agents' motion to extend the time to file a

new notice of appeal.5 More specifically, Allstate contends

that the district court erred in determining that the Agents

adequately demonstrated excusable neglect as required under

Fed. R. App. P. 4(a)(5). Agents, in response, primarily

argue that the district court's grant of their motion was not

in error and, therefore, that this appeal should proceed as

[N]o such extension shall exceed 30 days past such
prescribed time or 10 days from the date of entry
of the order granting the motion, whichever occurs
later.

5. We note that Allstate incorrectly assumes that if we
reverse the district court's ruling, this appeal will be
dismissed as to seventy-eight of the Agents only, leaving
Gochis' appeal intact. However, because the second notice of
appeal was filed after the time prescribed by Rule 4(a)(1),
and because the first notice was voluntarily withdrawn, the
appeals of all seventy-nine Agents, including Gochis, depend

upon the viability of the second notice of appeal.

-4-
4

to all seventy-nine Agents. We think Allstate has the better

argument.6

A. Standard of Review
A. Standard of Review

Our review of a district court's interpretation of

Fed. R. App. P. 4(a)(5) is plenary. Pontarelli v. Stone, 930

F.2d 104, 109 (1st Cir. 1991). Where the district court's

grant of plaintiff's motion to extend time for filing a new

notice of appeal is by margin order and, therefore, without

any interpretation of the rule, however, we will ordinarily

review its decision to grant a Fed. R. App. P. 4(a)(5) motion

for abuse of discretion. See generally id.; cf. Ramseur v.

Beyer, 921 F.2d 504, 506 n.2. (3d Cir. 1990).

B. Excusable Neglect under Fed. R. App. P. 4(a)(5).

As noted above, under Fed. R. App. P. 4(a)(1),

notices of appeal in civil cases must be filed "30 days after

the date of entry of the judgment . . . appealed from." Fed.

R. App. P. 4(a)(5) provides a narrow exception whereby

delinquent parties may be granted up to an additional 30 days

by the district court. To avail oneself of the exception, in

6. Agents also contend that Allstate waived its challenge to
the district court's ruling by filing its objection 50 days
after the district court's order was issued, and, therefore,
20 days after the time prescribed by Rule 4(a)(1). Because
our jurisdiction depends upon the validity of the district
court's decision, however, we are not bound by this alleged
procedural default. Instead, as always, we have "an
obligation to inquire sua sponte into [our] subject matter

jurisdiction, and to proceed no further if such jurisdiction
is wanting." See In re Recticel Foam Corp., 859 F.2d 1000,

1002 (1st Cir. 1988).

-5-
5

circumstances where the need for the extension "results

entirely from neglect attributable to appellant, as

distinguished from forces beyond her control, appellant must

show excusable neglect." Pontarelli, 930 F.2d at 109. As we

have often stated, in order to show excusable neglect,

appellant must demonstrate unique or extraordinary

circumstances. See, e.g., id. at 104; Rivera v. Puerto Rico

Tel. Co., 921 F.2d 393, 396 (1st Cir. 1990). We find no such

circumstances here.

Agents, in their motion, explained to the district

court that their tardiness was caused by a misapprehension of

Fed. R. App. P. 3(c)'s specificity requirement. This

misapprehension, in turn, was given two explanations: (1)

the "names of the plaintiffs were omitted through

inadvertence of counsel"; and (2) counsel's failure to name

the defendants was the result of counsel's "plausible

misconstruction" of the requirements of Fed. R. App. P. 3(c).

Neither explanation is sufficient to meet the Fed. R. App. P.

4(a)(5) standard.

In Rivera, we explicitly held that counsel's

mistaken or inadvertent failure to name the appellants in a

notice of appeal "does not constitute excusable neglect for

purposes of Fed. R. App. P. 4(a)(5)" absent unusual or

extraordinary circumstances. Rivera, 921 F.2d at 396.

Agents argue that the "unusual or extraordinary

-6-
6

circumstances" in this case consist of their own "plausible

misconstruction" of the requirements of Fed. R. App. P. 3(c).

We disagree.

Although we do not completely discount the

possibility that a "plausible misconstruction" of Federal

Rules may, in some situations, meet the requirements of

excusable neglect under Fed. R. App. P. 4(a)(5), Agents'

counsel's "misconstruction" of the requirements of Fed. R.

App. P. 3(c) can hardly be considered "plausible." As noted

above, Fed. R. App. P. 3(c) requires that a notice of appeal

"specify" the "parties taking the appeal." In 1987, the

Supreme Court stated that "specify" means "name." Torres v.

Oakland Scavenger Co., 487 U.S. 312, 314 (1987)("The failure

to name a party in a notice of appeal is more than excusable

`informality'; it constitutes a failure of that party to

appeal.")(emphasis supplied). Moreover, we repeatedly have

held that we lack jurisdiction over unnamed appellants. See

Rivera, 921 F.2d at 395; Rosario-Torres v. Hernandez-Colon,

889 F.2d 314, 317 (1st Cir. 1989) (en banc); Marin-Piazza v.

Aponte-Roque, 873 F.2d 432, 433 (1st Cir. 1989); Santos-

Martinez v. Soto-Santiago, 863 F.2d 174, 176 (1st Cir. 1988).

As Agents point out, we have, on one occasion,

approved a finding that counsel's failure to name each

appellant on the notice of appeal constituted excusable

neglect. In the case of In re San Juan Dupont Plaza Hotel

-7-
7

Fire Litig., 888 F.2d 940 (1st Cir. 1989), we upheld the

district court's grant of a Fed. R. App. P. 4(a)(5) motion

where the initial notice of appeal simply stated that "all

plaintiffs, through the Plaintiffs' Steering Committee hearby

[sic] appeal." Id. at 941. We found the district court did

not abuse its discretion by granting the Plaintiffs' Steering

Committee, ("PSC"), a team of trial attorneys representing

over 2000 plaintiffs, a Fed. R. App. P. 4(a)(5) extension to

file a new notice of appeal where 1) there were an

extraordinary number of plaintiffs;7 2) the PSC in its

representative status "existed precisely to represent all the

active plaintiffs," id. at 942; and 3) the PSC had previously

filed similar appeals in the same litigation without adverse

consequences. Id. at 941-42. Clearly, as Agents' counsel

conceded at oral argument, no such circumstances are present

in the record before us.

Furthermore, Agents' reliance on Lorezen v.

Employees Retirement Plan of Sperry and Hutchinson Co., 896

F.2d 228 (7th Cir. 1990), as supporting their "plausible

misconstruction" argument, is misplaced. In Lorezen,

counsel's neglect was excused because, among other things,

his plausible interpretation of the rule at issue had not

been foreclosed by the circuit until the twenty-eighth day of

7. It took thirty-nine pages to list the appellants in the
new notice of appeal.

-8-
8

the thirty-day appeal period. Moreover, the court found that

counsel's interpretation of the rule had been induced, in

part, by a confusing motion submitted by opposing counsel.

Again, we have no such circumstances before us. Here,

counsel's "misinterpretation" of Fed. R. App. P. 3(c) was due

to nothing more than counsel's ignorance of the law,

something the Lorezen court viewed as inexcusable neglect

under Fed. R. App. P. 4(a)(5). Id. at 232 (naming

"`plausible misconstructions, but not mere ignorance, of the

law or rules' as one of the types of excusable neglect" under

Fed. R. App. P. 4(a)(5)) (quoting Redfield v. Continental

Casualty Corp., 818 F.2d 596, 602 (7th Cir. 1987)) (emphasis

supplied).

In sum, because Agents have failed, as a matter of

law, to demonstrate any circumstance that the district court

could have found to be unique or extraordinary, we find that

the district court abused its discretion in extending Agents'

time to file a new notice of appeal. Accordingly, we reverse

the district court's order granting Agent's Fed. R. App. P.

4(a)(5) extension.

C. Failure to Perfect a Timely Appeal

Given the invalidity of the district court's Fed.

R. App. P. 4(a)(5) extension, Agents' second notice of appeal

is not timely and, therefore, is ineffective to support this

appeal. See, e.g., United States v. Robinson, 361 U.S. 220,

-9-
9

229 (1960)(holding that the time limit to file a notice of

appeal is "mandatory and jurisdictional"). Agents' counsel

argues that despite the case law discussed supra, we still

have the authority, under Fed. R. App. P. 2, to suspend the

filing requirements. We disagree. Fed. R. App. P. 2 states,

in relevant part, that "for . . . good cause shown, a court

of appeals may, except as otherwise provided in Rule 26(b),

suspend the requirements or provisions of any of these rules

in a particular case on application of a party or on its own

motion." (Emphasis supplied). Fed. R. App. P. 26(b), in

turn, expressly forbids a court from "enlarg[ing] the time

for filing an appeal." See also Torres, 487 U.S. at 317.

Accordingly, we have no jurisdiction to reach the merits of

this action and must necessarily dismiss.8 See id. at 317

n.3 (holding that failure to comply with the technical

requirement of Fed. R. App. P. 3(c) erects a jurisdictional

hurdle which can never be "`harmless' or waived by the

court").

III.

Conclusion

Agents' failure to perfect an appeal within the

time prescribed by Fed. R. App. P. 4(a)(1) obligates this

8. This disposition, of course, makes unnecessary any
consideration of the merits of Agents' appeal. Nonetheless,
we note that even if we were to reach the merits, we would
affirm the district court's entry of summary judgment in
favor of Allstate.

-10-
10

court to dismiss their appeal for want of jurisdiction.

Accordingly, the grants of summary judgment below are final.

See Piazza v. Aponte Roque, 909 F.2d 35, 39 (1st Cir. 1990).

Dismissed.

-11-
11