USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 93-1589 WILLIAM GOCHIS, ET AL., Plaintiffs, Appellants, v. ALLSTATE INSURANCE CO., ET AL., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr, and Stahl, Circuit Judges. ______________ ____________________ ERRATA SHEET ERRATA SHEET The opinion of this Court issued on February 10, 1994, is amended as follows: Page 3, footnote 3, revised as follows: Fed. R. App. P. 3(c) states, inter alia, that the notice of _____ ____ appeal "shall specify the party or parties taking the _______ appeal." (emphasis supplied). We note that Fed. R. App. P. 3(c) has been amended effective December 1, 1993. However, since neither party has raised the applicability of the revised rule, we have not considered the amendment in this appeal. United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 93-1589 WILLIAM GOCHIS, ET AL., Plaintiffs, Appellants, v. ALLSTATE INSURANCE CO., ET AL., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr, and Stahl, Circuit Judges. ______________ ____________________ Nelson P. Lovins with whom Sarah Tucker and Lovins & Metcalf were _________________ ____________ ________________ on brief for appellants. James W. Nagle with whom Robert M. Hale, Thomas M. Hefferon, and ______________ _______________ __________________ Goodwin, Procter & Hoar were on brief for appellee. _______________________ ____________________ February 10, 1994 ____________________ Per Curiam. Plaintiffs-appellants William Gochis, Per Curiam __________ et al., attempt to appeal the district court's grant of summary judgment in favor of defendant Allstate Insurance Co. Because plaintiffs' notice of appeal is ineffective, however, we dismiss for lack of appellate jurisdiction. I. I. __ Factual and Procedural Background Factual and Procedural Background _________________________________ A. The Dispute A. The Dispute _______________ This case involves a compensation dispute between plaintiffs, seventy-nine former Massachusetts insurance sales agents ("Agents"), and their employer, defendant Allstate Insurance Company ("Allstate"). Agents worked for Allstate pursuant to an Agent Compensation Agreement until Allstate, discouraged by its inability to turn a profit under the Massachusetts insurance regime, ceased doing business in Massachusetts in 1989. In September 1990, seventy-six1 of the plaintiffs filed a suit against Allstate alleging, inter alia, breach of _____ ____ the implied covenant of good faith and fair dealing. Allstate moved for summary judgment on two occasions, and the district court granted both motions.2 ____________________ 1. The remaining three plaintiffs were added with leave of the court on November 25, 1991 and January 16, 1992. 2. Allstate's first motion for summary judgment, against five of the Agents, was granted in segments by the district court in oral rulings on June 9, 1992 and February 10, 1993, and in a February 19, 1993, written decision. Allstate's -2- 2 B. Jurisdictional Chaos B. Jurisdictional Chaos ________________________ The appellate jurisdictional woes of the Agents began when they subsequently filed a timely notice of appeal. Instead of naming all seventy-nine Agents, the caption in the notice of appeal merely listed the appellants as "William Gochis, et. al." The appealing Agents were further identified in the body of the notice as "all of the plaintiffs in the above-entitled action." Agents' counsel was notified by the Clerk's Office that, under Fed. R. App. P. 3(c),3 the notice could be deemed defective as to all plaintiffs other than Gochis. In response to this notification, because the thirty-day period for filing a notice of appeal under Fed. R. App. P. 4(a)(1) had elapsed, Agents' counsel filed with the district court a Fed. R. App. P. 4(a)(5)4 motion to extend the time for ____________________ second motion for summary judgment, against the other seventy-four Agents, was granted by the district court in an oral decision on April 8, 1993. 3. Fed. R. App. P. 3(c) states, inter alia, that the notice _____ ____ of appeal "shall specify the party or parties taking the _______ appeal." (emphasis supplied). We note that Fed. R. App. P. 3(c) has been amended effective December 1, 1993. However, since neither party has raised the applicability of the revised rule, we have not considered the amendment in this appeal. 4. Fed. R. App. P. 4(a)(5) states in relevant part that: The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). . . . -3- 3 filing a new notice of appeal. By margin order, and over Allstate's objection, the district court granted the extension. A new notice of appeal naming all seventy-nine Agents was then filed and docketed. Thereafter, Agents' counsel voluntarily filed a motion to withdraw the first notice of appeal. We granted this motion in June 1993. II. II. ___ Discussion Discussion __________ On appeal, Allstate claims that the district court erred in granting Agents' motion to extend the time to file a new notice of appeal.5 More specifically, Allstate contends that the district court erred in determining that the Agents adequately demonstrated excusable neglect as required under Fed. R. App. P. 4(a)(5). Agents, in response, primarily argue that the district court's grant of their motion was not in error and, therefore, that this appeal should proceed as ____________________ [N]o such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later. 5. We note that Allstate incorrectly assumes that if we reverse the district court's ruling, this appeal will be dismissed as to seventy-eight of the Agents only, leaving Gochis' appeal intact. However, because the second notice of appeal was filed after the time prescribed by Rule 4(a)(1), and because the first notice was voluntarily withdrawn, the appeals of all seventy-nine Agents, including Gochis, depend __ ___ ____________ ______ upon the viability of the second notice of appeal. -4- 4 to all seventy-nine Agents. We think Allstate has the better argument.6 A. Standard of Review A. Standard of Review ______________________ Our review of a district court's interpretation of ______________ Fed. R. App. P. 4(a)(5) is plenary. Pontarelli v. Stone, 930 __________ _____ F.2d 104, 109 (1st Cir. 1991). Where the district court's grant of plaintiff's motion to extend time for filing a new notice of appeal is by margin order and, therefore, without any interpretation of the rule, however, we will ordinarily review its decision to grant a Fed. R. App. P. 4(a)(5) motion for abuse of discretion. See generally id.; cf. Ramseur v. ___ _________ ___ ___ _______ Beyer, 921 F.2d 504, 506 n.2. (3d Cir. 1990). _____ B. Excusable Neglect under Fed. R. App. P. 4(a)(5). B. Excusable Neglect under Fed. R. App. P. 4(a)(5). ____________________________________________________ As noted above, under Fed. R. App. P. 4(a)(1), notices of appeal in civil cases must be filed "30 days after the date of entry of the judgment . . . appealed from." Fed. R. App. P. 4(a)(5) provides a narrow exception whereby delinquent parties may be granted up to an additional 30 days by the district court. To avail oneself of the exception, in ____________________ 6. Agents also contend that Allstate waived its challenge to the district court's ruling by filing its objection 50 days after the district court's order was issued, and, therefore, 20 days after the time prescribed by Rule 4(a)(1). Because our jurisdiction depends upon the validity of the district court's decision, however, we are not bound by this alleged procedural default. Instead, as always, we have "an obligation to inquire sua sponte into [our] subject matter ___ ______ jurisdiction, and to proceed no further if such jurisdiction is wanting." See In re Recticel Foam Corp., 859 F.2d 1000, ___ __________________________ 1002 (1st Cir. 1988). -5- 5 circumstances where the need for the extension "results entirely from neglect attributable to appellant, as distinguished from forces beyond her control, appellant must show excusable neglect." Pontarelli, 930 F.2d at 109. As we __________ have often stated, in order to show excusable neglect, appellant must demonstrate unique or extraordinary circumstances. See, e.g., id. at 104; Rivera v. Puerto Rico ___ ____ ___ ______ ___________ Tel. Co., 921 F.2d 393, 396 (1st Cir. 1990). We find no such ________ circumstances here. Agents, in their motion, explained to the district court that their tardiness was caused by a misapprehension of Fed. R. App. P. 3(c)'s specificity requirement. This misapprehension, in turn, was given two explanations: (1) the "names of the plaintiffs were omitted through inadvertence of counsel"; and (2) counsel's failure to name the defendants was the result of counsel's "plausible misconstruction" of the requirements of Fed. R. App. P. 3(c). Neither explanation is sufficient to meet the Fed. R. App. P. 4(a)(5) standard. In Rivera, we explicitly held that counsel's ______ mistaken or inadvertent failure to name the appellants in a notice of appeal "does not constitute excusable neglect for purposes of Fed. R. App. P. 4(a)(5)" absent unusual or extraordinary circumstances. Rivera, 921 F.2d at 396. ______ Agents argue that the "unusual or extraordinary -6- 6 circumstances" in this case consist of their own "plausible misconstruction" of the requirements of Fed. R. App. P. 3(c). We disagree. Although we do not completely discount the possibility that a "plausible misconstruction" of Federal Rules may, in some situations, meet the requirements of excusable neglect under Fed. R. App. P. 4(a)(5), Agents' counsel's "misconstruction" of the requirements of Fed. R. App. P. 3(c) can hardly be considered "plausible." As noted above, Fed. R. App. P. 3(c) requires that a notice of appeal "specify" the "parties taking the appeal." In 1987, the Supreme Court stated that "specify" means "name." Torres v. ______ Oakland Scavenger Co., 487 U.S. 312, 314 (1987)("The failure ______________________ to name a party in a notice of appeal is more than excusable ____ `informality'; it constitutes a failure of that party to appeal.")(emphasis supplied). Moreover, we repeatedly have held that we lack jurisdiction over unnamed appellants. See ___ Rivera, 921 F.2d at 395; Rosario-Torres v. Hernandez-Colon, ______ ______________ _______________ 889 F.2d 314, 317 (1st Cir. 1989) (en banc); Marin-Piazza v. ____________ Aponte-Roque, 873 F.2d 432, 433 (1st Cir. 1989); Santos- ____________ _______ Martinez v. Soto-Santiago, 863 F.2d 174, 176 (1st Cir. 1988). ________ _____________ As Agents point out, we have, on one occasion, approved a finding that counsel's failure to name each appellant on the notice of appeal constituted excusable neglect. In the case of In re San Juan Dupont Plaza Hotel ___________________________________ -7- 7 Fire Litig., 888 F.2d 940 (1st Cir. 1989), we upheld the ____________ district court's grant of a Fed. R. App. P. 4(a)(5) motion where the initial notice of appeal simply stated that "all plaintiffs, through the Plaintiffs' Steering Committee hearby [sic] appeal." Id. at 941. We found the district court did ___ not abuse its discretion by granting the Plaintiffs' Steering Committee, ("PSC"), a team of trial attorneys representing over 2000 plaintiffs, a Fed. R. App. P. 4(a)(5) extension to file a new notice of appeal where 1) there were an extraordinary number of plaintiffs;7 2) the PSC in its representative status "existed precisely to represent all the active plaintiffs," id. at 942; and 3) the PSC had previously ___ filed similar appeals in the same litigation without adverse consequences. Id. at 941-42. Clearly, as Agents' counsel ___ conceded at oral argument, no such circumstances are present in the record before us. Furthermore, Agents' reliance on Lorezen v. _______ Employees Retirement Plan of Sperry and Hutchinson Co., 896 ________________________________________________________ F.2d 228 (7th Cir. 1990), as supporting their "plausible misconstruction" argument, is misplaced. In Lorezen, _______ counsel's neglect was excused because, among other things, his plausible interpretation of the rule at issue had not been foreclosed by the circuit until the twenty-eighth day of ____________________ 7. It took thirty-nine pages to list the appellants in the new notice of appeal. -8- 8 the thirty-day appeal period. Moreover, the court found that counsel's interpretation of the rule had been induced, in part, by a confusing motion submitted by opposing counsel. Again, we have no such circumstances before us. Here, counsel's "misinterpretation" of Fed. R. App. P. 3(c) was due to nothing more than counsel's ignorance of the law, something the Lorezen court viewed as inexcusable neglect _______ ___________ under Fed. R. App. P. 4(a)(5). Id. at 232 (naming ___ "`plausible misconstructions, but not mere ignorance, of the ___ ___ ____ _________ __ ___ law or rules' as one of the types of excusable neglect" under ___ __ _____ Fed. R. App. P. 4(a)(5)) (quoting Redfield v. Continental _______ ________ ___________ Casualty Corp., 818 F.2d 596, 602 (7th Cir. 1987)) (emphasis ______________ supplied). In sum, because Agents have failed, as a matter of law, to demonstrate any circumstance that the district court could have found to be unique or extraordinary, we find that the district court abused its discretion in extending Agents' time to file a new notice of appeal. Accordingly, we reverse the district court's order granting Agent's Fed. R. App. P. 4(a)(5) extension. C. Failure to Perfect a Timely Appeal C. Failure to Perfect a Timely Appeal ______________________________________ Given the invalidity of the district court's Fed. R. App. P. 4(a)(5) extension, Agents' second notice of appeal is not timely and, therefore, is ineffective to support this appeal. See, e.g., United States v. Robinson, 361 U.S. 220, ___ ____ ______________ ________ -9- 9 229 (1960)(holding that the time limit to file a notice of appeal is "mandatory and jurisdictional"). Agents' counsel argues that despite the case law discussed supra, we still _____ have the authority, under Fed. R. App. P. 2, to suspend the filing requirements. We disagree. Fed. R. App. P. 2 states, in relevant part, that "for . . . good cause shown, a court of appeals may, except as otherwise provided in Rule 26(b), ______ __ _________ ________ __ ____ _____ suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion." (Emphasis supplied). Fed. R. App. P. 26(b), in turn, expressly forbids a court from "enlarg[ing] the time for filing an appeal." See also Torres, 487 U.S. at 317. ___ ____ ______ Accordingly, we have no jurisdiction to reach the merits of this action and must necessarily dismiss.8 See id. at 317 ___ ___ n.3 (holding that failure to comply with the technical requirement of Fed. R. App. P. 3(c) erects a jurisdictional hurdle which can never be "`harmless' or waived by the court"). III. III. ____ Conclusion Conclusion __________ Agents' failure to perfect an appeal within the time prescribed by Fed. R. App. P. 4(a)(1) obligates this ____________________ 8. This disposition, of course, makes unnecessary any consideration of the merits of Agents' appeal. Nonetheless, we note that even if we were to reach the merits, we would affirm the district court's entry of summary judgment in favor of Allstate. -10- 10 court to dismiss their appeal for want of jurisdiction. Accordingly, the grants of summary judgment below are final. See Piazza v. Aponte Roque, 909 F.2d 35, 39 (1st Cir. 1990). ___ ______ ____________ Dismissed. __________ -11- 11