# United States Court of Appeals

## For the First Circuit

_____

No. 00-2255

IN RE: ROBERT L. GOSSELIN,

Debtor.

_____

ROBERT L. GOSSELIN,

Plaintiff, Appellant,

v.

COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE,

Defendant, Appellee.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Patti B. Saris, U.S. District Judge]

_____

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and DiClerico,* District Judge.

_____

Robert F. Casey, Jr. for appellant.

_____

* Of the District of New Hampshire, sitting by designation.

Jeffrey S. Ogilvie, Litigation Bureau, Massachusetts Department of Revenue, with whom Thomas Reilly, Attorney General, was on brief for appellee.

_____

January 9, 2002

_____

LYNCH, **Circuit Judge**.  This is an appeal brought by Robert Gosselin, a Chapter 7 debtor, from a district court decision that the Eleventh Amendment bars his adversary action against the Commonwealth of Massachusetts.  We affirm, but we do not adopt the district court's reasoning, nor do we reach the constitutionality of 11 U.S.C. § 106(a), a Bankruptcy Code provision which explicitly abrogates the states' sovereign immunity with respect to the bankruptcy court's ability to declare state tax debts dischargeable.

I.

In 1998 Gosselin filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code.[1]  11 U.S.C. §§ 701-784 (2000). The Commonwealth of Massachusetts, as is common in "no asset" cases, did not file a proof of claim or otherwise participate in the original Chapter 7 proceeding.  Shortly after initiating his Chapter 7 petition, Gosselin brought an adversary action against the Commonwealth in the United States Bankruptcy Court to obtain a specific ruling that certain past due taxes to the Commonwealth were dischargeable.  The Commonwealth moved to

---

[1]  In February 1999, the bankruptcy court entered an order discharging Gosselin's debts.

dismiss the proceeding, asserting its Eleventh Amendment sovereign immunity against being sued in the courts of the United States without its consent.[2]

The Commonwealth later argued that, under § 523(a)(1)(C), Gosselin's tax debts were not dischargeable because he willfully attempted to evade or defeat the tax. But, the Commonwealth argued, the Eleventh Amendment barred the bankruptcy court from entertaining the substance of Gosselin's claim, despite § 106(a)'s authorization of suit in federal court and purported abrogation of state sovereign immunity with respect to § 523 (and fifty-nine other provisions of the Code).[3]

---

[2] The Eleventh Amendment states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state . . . .

U.S. Const. amend XI.

[3] 11 U.S.C. § 106 states, in relevant part:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
    (1) Sections . . . 523, 524 [and fifty-eight other sections] . . . of this title.
    (2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.
    (3) The court may issue against a governmental unit an

The Commonwealth claimed that § 106(a) was an invalid abrogation of its sovereign immunity. The bankruptcy court denied the Commonwealth's motion to dismiss, and later ruled on summary judgment that the state taxes were discharged. The Commonwealth appealed and the district court reversed the bankruptcy court and held that Congress, being constrained by the Eleventh Amendment, had exceeded its power by enacting § 106(a). United States Dep't of Treasury v. Gosselin, 252 B.R. 854, 858-59 (D. Mass. 2000). The district court, therefore, reversed the bankruptcy court's grant of summary judgment and reversed the bankruptcy court's denial of the Commonwealth's motion to dismiss. Id. at 859.

## II.

Our review of the district court's order is de novo. Parella v. Retirement Bd. of the R.I. Employees' Ret. Sys., 173 F.3d 46, 53 (1st Cir. 1999). We affirm, but without adopting the district court's reasoning or reaching the constitutionality of § 106(a). We do so because, on appeal, Gosselin's brief has

order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure . . . .

The Code defines "governmental unit" to include states. 11 U.S.C. § 101(27) (2000).

presented not a single colorable argument for why his suit against the Commonwealth should be allowed to go forward. Other than stating, as the issue presented for review, the question of whether the Eleventh Amendment prohibits a debtor from bringing an adversary proceeding against the Commonwealth to have a state tax debt declared dischargeable, Gosselin's only argument on appeal is that the state has waived its immunity by statute. The argument is raised for the first time on appeal; it is frivolous, and we decline to consider it. Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 645 (1st Cir. 2000) (holding that failure to brief an argument constitutes waiver); Piazza v. Aponte Roque, 909 F.2d 35, 37 (1st Cir. 1990) ("Except in extraordinary circumstances . . . a court of appeals will not consider an issue raised for the first time at oral argument."); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (applying "the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); see also Fed. R. App. P. 28(a).

Therefore, we affirm the district court's judgment that Gosselin's claim should be dismissed. However, we need not, and do not, adopt the district court's reasoning. We are loathe to address the constitutionality of a statute in the absence of

adequate briefing by the parties, and the United States, by declining our invitation to file a brief, has chosen to shed no additional light on the matter.[4]

We consider the scope of our opinion to be extremely limited given that we affirm only because Gosselin has, in essence, defaulted by failing to present any colorable argument on appeal. Accordingly, this opinion would have no preclusive or precedential effect on a case in which the Commonwealth were to seek to collect its tax debts and Gosselin were to defend on the basis of his general discharge in bankruptcy. Similarly, our holding here would not be determinative of any case, brought under Ex parte Young, 209 U.S. 123 (1908), in which Gosselin or anyone else attempted to prevent a state official from unlawfully collecting a discharged tax debt. The issues that would be presented by such cases are distinct.

Affirmed.

---

[4]  Because this is a suit questioning the constitutionality of a federal statute and the United States is not a party, the party raising the constitutional question was obligated to notify the Clerk of this court. Fed. R. App. P. 44. Because neither party gave proper notice, this court did so. See 28 U.S.C. § 2403(a) (1994). The United States, after considering the question for some time, has informed us that it does not wish to participate in this matter.