# United States Court of Appeals
## For the First Circuit

No. 01-1264

JORGE ORTIZ,

Plaintiff, Appellant,

v.

GASTON COUNTY DYEING MACHINE CO.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Richard Oare for appellant.

Calum B. Anderson, with whom Danaher, Tedford, Lagnese &
Neal, P.C. were on brief, for appellee.

January 28, 2002

**LIPEZ, <u>Circuit Judge</u>**.  Jorge Ortiz appeals from the judgment of the district court in favor of defendant, Gaston County Dyeing Machine Co. ("Gaston County").  The court concluded that Ortiz's products liability claims were barred by Pennsylvania's two-year statute of limitations, rejecting his contention that Massachusetts law applied instead.  After the district court entered summary judgment for Gaston County, Ortiz moved to vacate the judgment under Fed. R. Civ. P. 59(e), and to transfer the case to the district of North Carolina under 28 U.S.C. § 1404(a).  In support of those motions, Ortiz argued for the first time that his claims were governed by North Carolina law.  The district court denied both motions, and Ortiz now appeals, challenging the court's  grant of summary judgment and its subsequent denial of his motion for a transfer of venue.  We affirm.

## I.

This case arises out of an injury Ortiz suffered while working at Northeast Bleach & Dye in Schuylkill Haven, Pennsylvania.  Ortiz alleges that, on or about July 10, 1997, his left hand was caught in the "slack loop washer" machine he was operating.  Since the machine lacked an emergency "trip switch," Ortiz was unable to shut it off when his gloved hand

first became caught in the gears.  As a result, he suffered extensive injury to his hand and forearm.

Roughly two and one half years after his injury, Ortiz set about obtaining recompense from the company or companies responsible for the machine's design and manufacture, on the theory that the absence of a trip switch was a design defect. The machine's blueprints suggested three possible defendants: the Rodney Hunt Company (now known as "Rohunta"), a Massachusetts corporation; American Argo Corp., a Maryland corporation; and Gaston County, a North Carolina corporation. On December 2, 1999, Ortiz filed suit in the District of Maryland, naming all three companies as defendants.  He voluntarily dismissed that complaint, however, after it became clear that the only defendant with any connection to Maryland – American Argo – was not involved in the manufacture or design of the machine.

On February 16, 2000 (approximately two years and seven months after his injury), Ortiz filed a second complaint against Rohunta and Gaston County, this time in the District of Massachusetts.  Massachusetts, like Maryland, has a three-year statute of limitations for products liability claims. Pennsylvania, on the other hand, permits such claims only if brought within two years of the date of the injury.  Not

surprisingly, then, the question quickly arose as to which state's law governed Ortiz's claim.

Arguing that Pennsylvania law applied, both defendants moved for summary judgment on the ground that Ortiz's claim was barred by that state's two-year statute of limitations. They emphasized that the injury occurred in Pennsylvania; Ortiz lived and worked there at the time of the injury; and the machine was sold, serviced, and maintained in Pennsylvania. Thus, the defendants argued, Pennsylvania had a greater interest in Ortiz's claim than did Massachusetts.

Ortiz disagreed. The crucial question for choice of law purposes, he argued, was not where the injury occurred, but where the defect occurred; that is, where the machine was designed and manufactured. Claiming that the machine was designed and manufactured by Rohunta, a Massachusetts company, Ortiz argued that Massachusetts law applied.

In fact, the machine was manufactured and designed by Gaston County at its principal place of business in North Carolina. On September 22, 2000 – several days before the scheduled hearing on the defendants' motions for summary judgment – Gaston County filed an affidavit to that effect, making clear that Rohunta had played no role in designing, manufacturing, or selling the machine. At the hearing on

-4-

September 28, 2000, Rohunta invoked that affidavit as an independent basis for dismissing Ortiz's claims against it. The court gave Rohunta until October 19, 2000, to submit its own affidavit explaining its role, if any, in designing and manufacturing the machine, and gave Ortiz until November 2, 2000, to respond. Rohunta filed the requested affidavit, together with a supplemental memorandum in support of its motion for summary judgment emphasizing that there was no basis for application of Massachusetts law if, as it now appeared, the machine had not been manufactured there. Despite the opportunity to do so, Ortiz did not respond to Gaston County's affidavit, or to Rohunta's new arguments.

On November 29, 2000, the district court granted defendants' motions for summary judgment and entered judgment in their favor. Massachusetts, the court explained, will apply another state's statute of limitations where (a) allowing the claim to go forward under the longer Massachusetts statute of limitations "would serve no substantial interest of the forum," and (b) "the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." New England Tel. & Tel. Co. v. Gourdeau Constr. Co., 647 N.E.2d 42, 45 (Mass. 1995) (citing Restatement (Second) of Conflict of Laws, § 142). The court

-5-

concluded that both conditions were satisfied here. As between Massachusetts and Pennsylvania, the latter clearly had the more significant relationship to the parties and the occurrence. The undisputed facts showed that the machine was sold and maintained in Pennsylvania, and allegedly caused injury to Ortiz, a Pennsylvania resident, while he was working at a Pennsylvania business. By contrast, "no significant contacts with Massachusetts existed that would justify applying Massachusetts' law to defendant[s]." Thus, Pennsylvania's statute of limitations applied, and Ortiz's claim was time-barred.

Ortiz did not challenge the district court's decision to apply the Pennsylvania statute of limitations in lieu of Massachusetts's. Instead, he attempted to salvage his claims against Gaston County through application of yet another three-year statute of limitations – North Carolina's. He pursued this initiative in two steps. First, on December 5, 2000, he filed a motion for transfer of venue under 28 U.S.C. § 1404(a), seeking transfer to the District of North Carolina, where Gaston County has its principal place of business. In a supporting memorandum of law, Ortiz argued that Gaston County had "withheld" until the last possible moment the crucial fact that it had designed and manufactured the machine in North Carolina. As a result of such trickery, Ortiz explained, he had filed suit

in Massachusetts instead of North Carolina. Accordingly, transfer was proper so that he would not be "punished" for Gaston County's misbehavior.

Recognizing that there was nothing left of the case to transfer in its present posture, Ortiz also filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure. In that motion, filed on December 11, 2000, Ortiz alleged that his counsel had not received a copy of the district court's November 29 judgment until after filing the motion to transfer, and asked the court to vacate its judgment to permit him to transfer his claim to the district court in North Carolina.[1] Ortiz pointed out that his claim would be permitted under North Carolina's three-year statute of limitations. However, the motion was unaccompanied by a memorandum of law, and contained no substantive argument for application of North Carolina law.

Despite the absence of any developed choice of law analysis, the two motions raised the possibility that North Carolina might have a more significant relationship to the case than Pennsylvania, given its connections to the design and

---

[1] Rule 59(e) provides that a motion "to alter or amend a judgment" may be filed within 10 days of the entry of judgment. We have held that such motions properly may seek to vacate or reverse a judgment rather than merely "amend" it. Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 123-24 (1st Cir. 1991).

manufacture of the allegedly defective machine and to defendant Gaston County. In support of his motion to transfer, Ortiz emphasized that the district court had not taken that possibility into account in its summary judgment decision, having focused instead on the relative interests of Pennsylvania and Massachusetts. However, the "new" information that Gaston County had manufactured the machine in North Carolina called that decision into question: "Because of the introduction of this new forum [North Carolina] and the new contacts related to that forum, there can be no certainty in the outcome of the choice of law principles, until they have been applied." Thus, Ortiz argued, the district court's judgment should be vacated and the case transferred to North Carolina so that a court there could determine whether North Carolina law governed Ortiz's claims.

The district court denied both motions without explanation, noting only that there was "no basis" for revoking the grant of summary judgment, and that the entry of judgment precluded transfer under § 1404(a). Ortiz filed a timely notice of appeal, challenging the denial of his post-judgment motions as well as the earlier grant of summary judgment in favor of Gaston County. He does not pursue his claims against Rohunta.

On appeal, Ortiz has abandoned any attempt to argue that Massachusetts law should apply. Instead, he contends that the district court erred by not applying North Carolina law. Ortiz neglected to raise that argument in response to Gaston County's motion for summary judgment. For purposes of that judgment, therefore, we deem it waived. See Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000) (stating that argument raised for first time in post-judgment motion could not be used to challenge grant of summary judgment); Arrieta-Gimenez v. Arrieta-Negron, 859 F.2d 1033, 1037 (1st Cir. 1988) (concluding that choice of law argument not presented to district court in motion for summary judgment was waived); cf. Fashion House, Inc. v. K Mart Corp., 892 F.2d 1076, 1095 (1st Cir. 1989) (explaining that appellate court will hold party to choice of law position advanced in district court).

Ortiz did raise the argument for application of North Carolina law in his post-judgment motions. On appeal, he argues that the district court erred in denying his motion for transfer of venue; he does not discuss the court's denial of his Rule 59(e) motion. However, once the court entered judgment for Gaston County, it was too late to request a transfer. Section 1404(a) provides that, "[f]or convenience of parties and

-9-

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When a case is transferred under § 1404, it travels to the transferee court as is, "leaving untouched whatever already has been done." 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3846 (2d ed. 1986). Accordingly, if the grant of summary judgment stood, there would not be any "civil action" to transfer.

In order to argue that the district court abused its discretion in denying his motion to transfer, therefore, Ortiz would have to show that the court also abused its discretion in refusing to vacate its judgment under Rule 59(e). He has not even attempted to do so. Indeed, his brief is devoid of any mention of Rule 59(e). We repeatedly have warned litigants that failure to brief an argument will result in waiver for purposes of appeal. See Gosselin v. Commonwealth (In re Gosselin), --- F.3d ---, 2002 WL 15371, at *1 (1st Cir. Jan. 9, 2002); Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 645 (1st Cir. 2000); Piazza v. Aponte Roque, 909 F.2d 35, 37 (1st Cir. 1990); see also United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's

work, create the ossature for the argument, and put flesh on its bones.").

Even if the issue were not waived, we could not say the district court abused its discretion in denying the Rule 59(e) motion.  See Mackin v. City of Boston, 969 F.2d 1273, 1279 (1st Cir. 1992) ("[O]nce a motion to dismiss or a motion for summary judgment has been granted, the district court has substantial discretion in deciding whether to reopen the proceedings in order to allow the unsuccessful party to introduce new material or argue a new theory.").  Here, Ortiz knew of the relevant information before oral argument on the summary judgment motion, and more than two months before the district court's decision on November 29.  There was no good reason evident for Ortiz's delay in raising the issue.

**Affirmed.**