# United States Court of Appeals
## For the First Circuit

No. 04-1698

ROSSI PEÑA-CRESPO,

Plaintiff, Appellant,

v.

COMMONWEALTH OF PUERTO RICO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]

Before

Lynch, Circuit Judge,

Baldock,* Senior Circuit Judge,

and Lipez, Circuit Judge.

Rafael A. Oliveras Lopez De Victoria was on brief for appellant.

Salvador J. Antonetti Stutts, Solicitor General, with whom Mariana Negrón Vargas, Deputy Solicitor General, was on brief for Appellee.

May 18, 2005

---

* Of the Tenth Circuit Court of Appeals, sitting by designation.

**BALDOCK, Senior Circuit Judge**.  Plaintiff Rossi Peña-Crespo brought this action alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, against her employer, the Department of Family Affairs of the Commonwealth of Puerto Rico.  Plaintiff, who is originally from the Dominican Republic, alleged she was subjected to a hostile work environment on the basis of her national origin.  After a bench trial, the district court concluded Plaintiff was subjected to a hostile work environment and awarded her $12,000 in damages.  Thereafter, Plaintiff filed a motion to alter or amend the judgment, which the district court denied.  Plaintiff appeals, arguing the district court erred in (1) excluding her psychiatric expert from testifying at trial, and (2) limiting her damage award to $12,000.  We have jurisdiction, 28 U.S.C. § 1291, and after reviewing the district court's decision to exclude expert testimony and its award of damages for an abuse of discretion, see Willhauck v. Halpin, 953 F.2d 689, 717 (1st Cir. 1991); Lawton v. Nyman, 327 F.3d 30, 37 (1st Cir. 2003), we affirm.[1]

---

[1] Upon reviewing Plaintiff's notice of appeal, it is unclear as to whether she is appealing the district court's underlying judgment and/or the denial of her motion to alter or amend the judgment.  Although the two are generally distinct for purposes of appeal, see Correa v. Cruisers, A Div. of KCS Int'l, Inc., 298 F.3d 13, 21 n.3 (1st Cir. 2002), such a distinction is irrelevant in this case because Plaintiff's issues are the same under both.  See id.  Further, we have jurisdiction to review Plaintiff's claims notwithstanding the fact she was the prevailing party below.  See Depost Guar. Nat'l Bank v. Roper, 445 U.S. 326, 333-34 (1980); Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044 (5th Cir. 1990) (per curiam).

I.

We need not engage in an exhaustive recitation of the facts given the limited issues raised on appeal. Suffice it to say, Plaintiff was born in the Dominican Republic and came to Puerto Rico in 1969. Plaintiff has worked at the Department of Family Affairs since 1989, and has been promoted several times. Between 1999 and 2000, Plaintiff's co-workers and supervisors, among other things, directed derogatory and disparaging comments and jokes towards Plaintiff because of her Dominican background. Plaintiff reported the offensive remarks to her supervisors, but they failed to remedy the situation. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The agency issued Plaintiff a right-to-sue letter.

Plaintiff filed suit. After several delays, extensive discovery, and ruling on numerous motions, the district court set the bench-trial for December 1, 2003. On November 5, 2003, Defendant filed a motion in limine seeking to exclude the testimony of Plaintiff's expert witness and treating psychiatrist, Dr. José Alberto Alonso. Defendant argued (1) the identity of Plaintiff's expert witness had not been properly disclosed as required under Fed. R. Civ. P. 26(a)(1), (2) Plaintiff failed to provide a written expert report satisfying the requirements of Fed. R. Civ. P. 26(a)(2)(B), and (3) the documents Dr. Alonso submitted were written in Spanish, rather than in English, and were thus inadmissible under the district court's local rules. The district

court, without analysis, granted Defendant's motion in limine and excluded Dr. Alonso from testifying at trial.

After trial, the district court issued its findings of fact and conclusions of law. The court concluded Defendant violated Title VII. In calculating damages, the court found "because Peña failed to present expert testimony from her psychiatrist, the Court will limit the amount of damages that she can receive for mental and/or emotional suffering." The court ultimately granted Plaintiff damages in the amount of $12,000. Plaintiff filed a motion to alter or amend the judgment, arguing, among other things, the district court erred in excluding her expert witness from testifying at trial and limiting the amount of her emotional damages. The district court denied Plaintiff's motion.

## II.

## A.

Plaintiff argues the district court erred in excluding her expert witness, Dr. Alonso, from testifying at trial. Specifically, Plaintiff claims she fully disclosed Dr. Alonso's name as an expert witness almost six months prior to trial. Further, Plaintiff argues she satisfied the written expert report requirements under Rule 26(a)(2)(B) when she submitted Dr. Alonso's psychiatric evaluation, resume, and Plaintiff's medical records to Defendant on "various occasions."[2]

---

[2] Plaintiff also argues the district court erred in allowing
(continued...)

Plaintiff timely disclosed Dr. Alonso as an expert witness.[3] Plaintiff, however, failed to provide a written expert report. Rule 26 requires the disclosure of a witness "who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). The written report must contain:

> [A] complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Id.; see also Prieto v. Malgor, 361 F.3d 1313, 1317-18 (11th Cir. 2004) (noting submitting the expert witness' name is not enough and that each witness must provide a written report containing the information required under Rule 26). A party who fails to disclose the necessary information under Rule 26(a), without substantial

---

[2](...continued)
five of Defendant's witnesses to testify over her objections. We summarily reject this argument because even if the court erred, such error was harmless. See Deary v. City of Gloucester, 9 F.3d 191, 197 (1st Cir. 1993). Each of the five witnesses only testified as to Defendant's liability under Title VII and the district court found for Plaintiff as to liability. Thus Plaintiff's substantial rights were not affected.

[3] Our review of the record shows Plaintiff listed Dr. Alonso as a possible expert witness in, among other things, the pre-trial order.

justification, is not permitted to present the witness' testimony at trial.  Fed. R. Civ. P. 37(c)(1).

We have recognized that "[i]n the arena of expert discovery--a setting which often involves complex factual inquiries--Rule 26 increases the quality of trials by better preparing attorneys for cross-examination."  Laplace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002) (internal quotation and citation omitted).  The failure to provide an expert report that satisfies the specific requirements of Rule 26(a)(2)(B) undermines opposing counsel's ability to prepare for trial.  See id. Accordingly, "district courts have broad discretion in meting out . . . sanctions for Rule 26 violations . . . [and the] [e]xclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)."  Id. (internal quotation and citation omitted).

In this case, Plaintiff's expert witness, Dr. Alonso, did not prepare or submit a written report meeting the requirements of Rule 26(a)(2)(B).  Although Plaintiff appears to have submitted, at various times throughout discovery, a series of documents consisting of Dr. Alonso's psychiatric evaluation, his resume, and Plaintiff's medical records, such disclosures do not satisfy Rule 26(a).  Specifically, the documents did not: (1) explain the basis and reasons for Dr. Alonso's opinions; (2) describe any exhibits Dr. Alonso planned on using; (3) list Dr. Alonso's publications or other cases in which he had testified previously; or (4) set forth Dr. Alonso's expected compensation for his testimony and services.

-6-

Accordingly, the district court did not abuse its discretion in excluding Dr. Alonso from testifying as an expert witness at trial.

Moreover, even assuming the documents satisfied the requirements of Rule 26(a), the district court, in excluding Dr. Alonso's testimony, may have also relied on Plaintiff's failure to provide an English translation of Dr. Alonso's psychiatric evaluation and resume as the Local Rules require. See U.S.D.C. P.R. R. 10(b); 48 U.S.C. § 864 (noting "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."). The district court did not abuse its discretion. Further, Plaintiff did not attempt to remedy her omission before the district court or to obtain a stipulation from opposing counsel as to an accurate translation. Thus, there is no occasion to consider whether Plaintiff's error could be rendered harmless by later events. See United States v. Morales-Madera, 352 F.3d 1, 7-11 (1st Cir. 2003).

B.

Plaintiff next claims the district court erred in limiting her damage award to $12,000. Plaintiff raises the claim in her "issues before the court" section of her opening brief. Plaintiff's only other reference to the matter, however, is her broad statement that "[i]f the . . . Court had not excluded the testimony [of Dr. Alonso] . . . the award in damages could ha[ve] been in a greater amount than $12,000." Plaintiff then speculates

that her "mental condition easily could be evaluated in an amount greater than \$12,000." Plaintiff fails to provide any additional analysis regarding her damages issue. We have repeatedly held that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." In re Gosselin, 276 F.3d 70, 72 (1st Cir. 2002)(internal quotation and citation omitted); see also Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 27 (1st Cir. 2003)(noting an issue is waived when "the proponent mentions it as a possible argument in the most skeletal way, leaving the court to do counsel's work") (internal quotation omitted).

Furthermore, given our prior holding that the district court did not abuse its discretion in excluding Dr. Alonso's expert testimony, we need not discuss what effect Dr. Alonso's testimony *may have had* on Plaintiff's emotional damages award. To do so would constitute mere speculation and guesswork. The district court properly limited Plaintiff's damages for mental or emotional suffering because Plaintiff failed to present the testimony of a mental health expert. Although we have held that expert testimony is not necessarily required, "the lack of such evidence is relevant *to the amount of the award*." Koster v. Trans World Airlines, Inc., 181 F.3d 24, 35 (1st Cir. 1999) (emphasis added).

Based on the foregoing, the district court's judgment is AFFIRMED.