**MB JOMA, INC., Debtor.**

**MB Joma, Inc., Plaintiff–Appellee,**

v.

**Felix Olmo Nieves, Patricia Castillo Cedeño, and Their Conjugal Partnership, Defendants–Appellants.**

**BAP NO. PR 08–040.**
**Bankruptcy No. 05–08110–SEK.**
**Adversary No. 06–0155–SEK.**

United States Bankruptcy Appellate Panel for the First Circuit.

April 10, 2009.

Emilio F. Soler, Esq., on brief for Appellant.

Carmen Conde Torres, Esq., San Juan, PR, on brief for Appellee.

Before HAINES, VOTOLATO, and FEENEY, United States Bankruptcy Appellate Panel Judges.

JAMES B. HAINES, JR., Bankruptcy Judge.

Felix Olmo Nieves, Patricia Castillo Cedeño and their conjugal partnership (the "Creditors") appeal from the bankruptcy court's April 3, 2008 Order and Opinion denying the Creditors' Motion to Dismiss and/or For Summary Judgment and granting the remedies sought by MB Joma, Inc. ("MB Joma") in its complaint. For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

MB Joma was in the construction and real estate development business. Prior to its bankruptcy filing, the Creditors sued MB Joma in state court for breach of contract and damages. The Creditors

148

sought and obtained from the state court a cautionary notice of complaint with respect to a parcel of MB Joma's real estate.[1] That cautionary notice of complaint was presented for registration (i.e., recording in the land records) on February 14, 2003.

MB Joma and the Creditors subsequently entered into a stipulation in which they agreed that MB Joma would pay damages. On August 1, 2003, the state court entered a consent judgment against MB Joma pursuant to the stipulation. The Creditors did not register the consent judgment, and no one canceled the cautionary notice of complaint.

MB Joma commenced a chapter 11 proceeding in 2005. The Creditors filed a proof of secured claim, attaching the stipulation. Thereafter, MB Joma filed an adversary complaint, asking the bankruptcy court to avoid the Creditors' asserted lien and determine that their claim is unsecured, on the grounds that the cautionary notice of complaint did not create a lien or, alternatively, that its effective term had expired.

The Creditors filed an answer opposing MB Joma's request for relief, and asserted that the complaint did not state a claim upon which relief could be granted. They moved to dismiss the complaint or, alternatively for summary judgment, asserting that a registered cautionary notice of complaint creates a judicial lien. In response, MB Joma asserted that the registered cautionary notice of complaint did not establish a lien, that since the Creditors failed

to register the consent judgment, no lien was created, and that the bankruptcy court should cancel the cautionary notice of complaint because it had expired.

Subsequently, the bankruptcy court treated the parties' filings as cross motions for summary judgment, denied the Creditors' motion and granted the remedies MB Joma sought. It determined that the Creditors' claim was unsecured and ordered the cancellation of the cautionary notice of complaint.

This appeal followed.

## JURISDICTION

▉ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]."[2] "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[3] A bankruptcy court order determining that a claim is not entitled to secured status and has the status of an unsecured claim is a final order.[4]

## STANDARD OF REVIEW

▉ We review the bankruptcy court's conclusions of law *de novo* and findings of fact for clear error. Questions of statutory interpretation are reviewed *de novo*.[56]

---

1. The cautionary notice of complaint was not included in the appendix.

2. *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998).

3. *Id.* at 646 (citations omitted).

4. *In re Engage, Inc.*, 330 B.R. 5, 8 (D.Mass. 2005) (quoting *In re Morse Elec. Co., Inc.*, 805 F.2d 262, 264–65 (7th Cir.1986)).

5. *Puerto Rico Telephone Co. v. Advanced Cellular Sys., Inc. (In re Advanced Cellular Sys., Inc.)*, 483 F.3d 7, 10 (1st Cir.2007).

6. *United States v. Tobin*, 552 F.3d 29, 32 (1st Cir.2009).

## DISCUSSION

■ The bankruptcy court concluded that, by itself, the cautionary notice of complaint did not create a "lien" as defined by the under the Bankruptcy Code.[7] Thus, it could not constitute a "judicial lien" for the purposes of securing a claim.[8] The bankruptcy court allowed the Creditors' claim as unsecured and ordered the cancellation of the cautionary notice of complaint because the Creditors failed to seek an extension of its term beyond the four-year period provided for by the Mortgage Law of Puerto Rico.[9]

The Creditors' cautionary notice of complaint was entered pursuant to § 2401 of the Mortgage Law, which in part provides:

> The following may request that cautionary notices on their respective rights be entered in the Registry:
>
> 1st. A person who, in a lawsuit, claims ownership to real property or the constitution, declaration, modification or extinction of any recordable right or one who files his claim in an action that affects a title to real property, or on the validity and force, or the lack of validity or force, of the title or titles involved in the acquisition, constitution, declaration, modification or extinction of the above-cited recordable rights.
>
> 2nd. A person who lawfully obtains an attachment order in his favor on real property belonging to the debtor.[10]

Although this section provides for both cautionary notices of complaint and attachment, the Creditors never obtained an attachment order, so their notice was a cautionary notice of complaint under the first part of the quoted provision.[11] Thus, the cases that the Creditors rely upon in their brief are inapposite. In those cases, prejudgment writs of attachment had been obtained and cautionary notices of attachment were entered pursuant to the second part of § 2401 of the Mortgage Law. They were not mere cautionary notices of complaint.[12]

The bankruptcy court based its determination regarding the effect of the cautionary notice of complaint on its similarity to a *lis pendens* under Puerto Rico law.[13]

---

7. As defined by 11 U.S.C. § 101(37), a "lien" is a "charge against or interest in property to secure payment of a debt or performance of an obligation." Unless otherwise noted, all further references to the "Code" or "Bankruptcy Code" or to statutory sections herein are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §§ 101, *et seq.*

8. "... lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

9. "... Cautionary notices that have no expiration date may be cancelled four years after their date of issue, except for those that have a different expiration date designated by law. However, this term may be extended by order of the court for additional four-year periods, provided the extensions are presented in the Registry of Record before the entry is cancelled." 30 P.R. Laws Ann. § 2465 (1979). As explained *infra,* we need not review the legal basis for the order of cancellation, as the Creditors have waived the issue.

10. 30 P.R. Laws Ann. § 2401 (1979) (as amended June 14, 1980).

11. *See id.*

12. *See Quadrel Leasing De P.R. v. Rivera (In re Carlos A. Rivera, Inc.),* 130 B.R. 377, 383 (Bankr.D.P.R.1991); *Fed'l Deposit Ins. Corp. v. Debtor & Trustee (In re Moscoso Villaronga),* 111 B.R. 13 (Bankr.D.P.R.1989).

13. The bankruptcy court cited to *Segarra v. Vda. De Lloréns Torres,* 99 D.P.R. 60, 69–70 (1970):

> The cautionary notice of lis pendens, either under § 91 of the Code of Civil Procedure, ... or under Art. 42 of the Mortgage Law, ...—the difference between both provisions is rather of form than substance, ...—has the purpose of preserving the due respect to

That comparison is instructive, and is buttressed by § 1806 of the Mortgage Law, which governs when a judgment—such as the one obtained by the Creditors here—functions as a lien on real property:

> When a judgment has been recorded and indexed, as provided for in the preceding sections, it shall at once operate as a lien upon all the immovable property of the defendant or defendants, not exempt from execution, situated in the district where such abstract is recorded, and upon the immovable property which the defendant or defendants may thereafter acquire in such district . . . [14]

The Creditors conceded at oral argument that they have not complied with the provisions of §§ 1801–1805 of the Mortgage Law. Thus, while the cautionary notice of complaint that had been on file served as a place holder and put third parties on notice of the lawsuit until the disposition of the underlying dispute,[15] the judgment obtained by the Creditors against MB Joma never became a lien pursuant to § 1806 of the Mortgage Law because the Creditors never took the necessary steps to record it.[16] Thus, the bankruptcy court properly concluded that the Creditors' claim was unsecured.

The bankruptcy court also ordered cancellation of the cautionary notice of complaint. Though the Creditors ask us to reverse the bankruptcy court on that score, they did not identify the propriety of cancellation as an issue on appeal. Neither did they brief that issue. They have, therefore, waived any argument as to whether cancellation was proper.[17]

## CONCLUSION

Because we agree with the bankruptcy court that the cautionary notice of complaint did not create a lien on MB Joma's property, and because the Creditors did not comply with §§ 1801–1805 of the Mortgage Law so as to obtain a lien on MB Joma's property pursuant to § 1806 of the Mortgage Law, we hold that the bankruptcy court's determination that the Creditors were unsecured must stand. Because the Creditors failed to effectively appeal or brief the issue of whether the bankruptcy court properly ordered the cancellation of their cautionary notice of complaint, they have waived that argument, and the order of cancellation will not be disturbed.

We therefore **AFFIRM** the Order and Opinion of the bankruptcy court.

---

the administration of justice, avoiding that the judicial judgments become inofficious by acts of the defendant which prevent the execution of a judgment. It does not give nor take away rights. It only takes to the registry the existence of a suit which may place in jeopardy the recorded title. Its virtue consists, then, in making known to *future* acquirers the existence of a litigation whose result may be prejudicial to their interests. It is a simple warning which warns the *subsequent* acquirers of possible causes for nullity of the recorded titles so that they may not allege, later, ignorance of those causes of nullity. (Footnote omitted). *See also Neiner v. Marino*, 1996 WL 406783 (D.P.R.1996) (quoting same passage).

**14.** 30 P.R. Laws Ann. § 1806 (1906).

**15.** *See supra* note 12.

**16.** *See* 30 P.R. Laws Ann. § 1806 (1906).

**17.** *See Tower v. Leslie–Brown*, 326 F.3d 290, 299 (1st Cir.2003) ("[W]e have made it abundantly clear that failure to brief an argument does, in fact, constitute a waiver for purposes of appeal."); *Ortiz v. Gaston Co. Dyeing Mach. Co.*, 277 F.3d 594, 598 (1st Cir.2002); *Garcia–Ayala v. Lederle Parenterals, Inc.*, 212 F.3d 638, 645 (1st Cir.2000).