AIDA M. DELGADO-COLÓN, Chief United States District Judge
On January 19, 2018, the Court ordered plaintiffs (collectively referred to hereon as "Santiago" or "plaintiff") to "inform whether he has complied with his duty to disclose and update discovery by providing disclosure of plaintiff's social security record and determination of disability of November 2015." ECF No. 160 at 1. Furthermore, the Court forewarned that "[i]f plaintiff has failed to comply with his duty in spite of defendants' [discovery] request and it being a continued obligation, two years after and on the eve of trial, he shall be precluded from using such evidence" at the upcoming trial. Id.
In response to the Court's order, Santiago informed that in 2015, he had produced to defendant a copy of his record before the Social Security Administration. ECF No. 161. However, Santiago clarified that a copy of "the decision rendering Santiago totally disabled by the Social Security Administration was not included, and the same was never produced by the plaintiffs nor by the undersigned counsel." Santiago did not show cause as to why he did not supplement his 2015 production as to the document in question, arguing instead that defendant "was fully aware that the plaintiff was declared totally disabled by the [S]ocial [S]ecurity [A]dministration" because he had informed as such in his motion in compliance with a Court order filed on July 25, 2017 at ECF No. 156 . Id. at 2.
Defendant filed a response to Santiago's motion, requesting that the document in question be excluded as evidence at trial pursuant to Fed. R. Civ. P. 37(c)(1) for plaintiff's failure without cause to meet his continuing obligation to supplement discovery responses under Fed. R. Civ. P. 26(e).
*244 ECF No. 164 . Further, defendant avers that it "would be harmed because Santiago would be able to use an alleged document that has not been previously disclosed," Id. at 4, and noted that "[p]laintiffs did not list the SSA's alleged determination granting Santiago's disability benefits claim as part of their documentary evidence in the amended joint pretrial report." Id. at n. 1.
Under Fed. R. Civ. P. 26(e)(1)(A),
"[a] party who has made a disclosure under Rule 26(a) -or who has responded to an interrogatory, request for production, or request for admission-must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."
Furthermore, under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Accordingly, "district courts have broad discretion in meting out ... sanctions for Rule 26 violations ... [and the] [e]xclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)." Peña-Crespo v. Puerto Rico , 408 F.3d 10, 13 (1st Cir. 2005) (quoting Laplace-Bayard v. Batlle , 295 F.3d 157, 162 (1st Cir. 2002) (internal quotation and citation omitted) (witness testimony excluded as sanction for a party's failure to timely disclose witnesses as required by the aforementioned rules) ); see also Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este and Sara López , M.D. , 456 F.3d 272, 275 (1st Cir. 2006); Grajales-Romero v. Am. Airlines, Inc. , 194 F.3d 288, 297 (1st Cir. 1999).
In the instant case, Santiago, through his Attorney Aníbal Escanellas, has failed to meet his obligation to supplement discovery under Fed. R. Civ. P. 26(e) in relation to the Social Security Administration's record in this case.[1] Moreover, he has not met his burden to establish either good cause for his failure, or that said failure is harmless to defendant. Additionally, Santiago's statement in a motion to this Court as to the Social Security Administration's disability decision does not either remedy his failure to produce under Fed. R. Civ. P. Rule 26(e), nor does it amount to evidence as to that fact.
In light of the above, the Court hereby NOTES Santiago's motion in compliance with the Court's Order, ECF No. 161 , and holds that plaintiff will be allowed to present as evidence at trial the portions of Santiago's records before the Social Security Administration that were produced to defendant during discovery. Moreover, pursuant to Fed. R. P. 26(e) and 37(c)(1), the Court hereby GRANTS defendant's request at ECF No. 164 that plaintiff be precluded from presenting as evidence at trial the Social Security Administration's decision as to Santiago's disability, which admittedly has never been produced by plaintiff to defendant.
SO ORDERED .

The Court notes as well that the case's record shows a previous tardy discovery disclosure by Santiago which warranted the exclusion of a witness, as well as various instances of non-compliance with professional responsibilities by plaintiff's counsel, including tardiness of submissions to the Court. See , ECF Nos. 138 , 141, 160 at 1, 164 , 165 .