# United States Court of Appeals
## For the First Circuit

No. 19-1112

AFUNDAY CHARTERS, INC.,

Plaintiff,

v.

ABC INSURANCE COMPANY,

Defendant,

SPENCER YACHTS, INC.,

Defendant, Cross-Claimant, Third-Party Plaintiff,

JOSEPH DANIEL SPENCER,

Defendant, Cross-Claimant, Third-Party Plaintiff, Appellant,

v.

SEAN ALONZO; ANTHONY NORMAN SABGA,

Third-Party Defendants, Appellees,

TRINIDAD AND TOBAGO INSURANCE LIMITED; ABC INSURANCE COMPANY,

Third-Party Defendants,

CHUBB CORPORATION; ACE AMERICAN INSURANCE COMPANY; CHUBB
INSURANCE COMPANY, f/k/a ACE AMERICAN INSURANCE COMPANY,

Cross-Defendants.

———————————

No. 19-1114

AFUNDAY CHARTERS, INC.,

Plaintiff,

v.

ABC INSURANCE COMPANY,

Defendant,

JOSEPH DANIEL SPENCER,

Defendant, Cross-Claimant, Third-Party Plaintiff,

SPENCER YACHTS, INC.,

Defendant, Cross-Claimant, Third-Party Plaintiff, Appellant,

v.

SEAN ALONZO; ANTHONY NORMAN SABGA,

Third-Party Defendants, Appellees,

TRINIDAD AND TOBAGO INSURANCE LIMITED; ABC INSURANCE COMPANY,

Third-Party Defendants,

CHUBB CORPORATION; ACE AMERICAN INSURANCE COMPANY; CHUBB
INSURANCE COMPANY, f/k/a ACE American Insurance Company,

Cross-Defendants.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

---

Before

Kayatta, Lipez, and Barron,
Circuit Judges.

---

James W. Stroup, with whom Stroup & Martin, P.A., Alberto J. Castañer-Padro, III, and Castañer & Cia P.S.C. were on brief, for appellant Joseph Daniel Spencer.

David Y. Loh, with whom KMA Zuckert LLC was on brief, for appellant Spencer Yachts, Inc.

Clay M. Naughton, with whom Michael T. Moore and Moore & Company, P.A., were on brief, for appellees.

May 13, 2021

**KAYATTA**, **Circuit Judge**. This admiralty proceeding arises out of the grounding and constructive total loss of a brand-new seventy-four-foot yacht. Afunday Charters, Inc., had purchased the yacht from its builder, Spencer Yachts, Inc. Those on board the yacht at the time of the grounding included Sean Alonzo -- who was hired by Afunday's owner, Anthony Norman Sabga -- and Joseph Daniel Spencer -- an employee of Spencer Yachts. Afunday sued Spencer and Spencer Yachts, alleging that Spencer negligently ran the yacht aground and that Spencer and Spencer Yachts were jointly and severally liable for the yacht's loss. Spencer and Spencer Yachts each denied responsibility, raised an affirmative defense of negligence by Afunday's agents Sabga and Alonzo, and filed a third-party complaint against Sabga and Alonzo. This appeal arises out of the subsequent dismissal of the third-party complaints pursuant to Fed. R. Civ. P. 12(b)(6). Afunday Charters, Inc. v. Spencer Yachts, Inc., Civil No. 16-3141 (GAG), 2018 WL 10878066 (D.P.R. Dec. 18, 2018). We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(a)(3). And our standard of review is de novo. For the following reasons, we affirm.

## I.

As in a normal civil action, a defendant in an admiralty proceeding can file a third-party complaint contending that, if the defendant is liable to the plaintiff, a third party is in turn

liable to the defendant. Compare Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."), with Fed. R. Civ. P. 14(c)(1) (permitting an admiralty defendant to "bring in a third-party defendant who may be wholly or partly liable . . . to the third-party plaintiff"). An admiralty defendant may also file a different type of third-party complaint, alleging that the third party is directly liable "to the [original] plaintiff" for the damages claimed. Fed. R. Civ. P. 14(c)(1). This distinct feature of Rule 14(c) promotes efficient apportionment of liability in admiralty suits. See generally 6 Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, Federal Practice & Procedure (Wright & Miller) § 1465 (3d ed. 2020). Here, Spencer and Spencer Yachts sought to include both types of third-party claims in their respective third-party complaints.

Sabga and Alonzo moved to dismiss the third-party complaints pursuant to Rule 12(b)(6), arguing that, as a matter of law, Spencer and Spencer Yachts could never have any recovery or benefit from the complaints. This was so, they contended, because if Sabga or Alonzo were responsible for the loss, that responsibility would reduce commensurately any liability of Spencer or Spencer Yachts to Afunday. Spencer and Spencer Yachts opposed the motions, arguing that Sabga and Alonzo's negligence

- 5 -

would not necessarily be attributable to Afunday, a distinct legal entity. In reply, Afunday, Sabga, and Alonzo all conceded without reservation or right of rescission that any comparative fault on the part of Sabga or Alonzo would be attributed to Afunday and thus reduce to the extent of that fault any liability of Spencer or Spencer Yachts. Sabga and Alonzo argued that this concession supported dismissal because it made the third-party complaints duplicative of Spencer's and Spencer Yachts's affirmative defenses of negligence.

Some courts applying Rule 14(a) in non-admiralty proceedings have accepted this precise reasoning. See, e.g., Gabriel Cap., LP v. Natwest Fin., Inc., 137 F. Supp. 2d 251, 266 (S.D.N.Y. 2000) (dismissing third-party claim for contribution "against a plaintiff's agent where that claim [was] identical to defendant's affirmative defense"); cf. Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, No. 12-cv-3723 (RJS), 2017 WL 985875, at *3 (S.D.N.Y. Mar. 10, 2017) (noting that this doctrine does not apply when "the third-party defendant acts outside of the scope of its agency"). Rule 14(a) provides a textual toehold for such a practical approach. It allows a defendant in the original action to bring a third-party complaint only against one "who is or may be liable to [the defendant] for all or part of the claim against [the defendant]." Fed. R. Civ. P. 14(a)(1). Where a third party's comparative negligence is properly attributed to the

original plaintiff, a Rule 14(a) complaint against the third party would do no work because the defendant in the original action will not be liable for the negligence attributed to the original plaintiff. So if an original plaintiff's concession means that a third party can never be liable to a defendant in the original action for any part of a claim against that defendant, then one can see how text might welcome practicality in such a case.

Here, though, we have third-party complaints under Rule 14(c) as well. The fact that there can never be any liability of Sabga and Alonzo to Spencer or Spencer Yachts does not by itself preclude the filing of Rule 14(c) complaints against Sabga and Alonzo, as long as Sabga and Alonzo may be directly liable to the original plaintiff, Afunday. Spencer and Spencer Yachts confusingly label the counts of their third-party complaints as claims for indemnification or contribution, but both complaints invoke Rule 14(c) and seek the entry of judgment in Afunday's favor against Sabga and Alonzo. See Fed. R. Civ. P. 14(c)(2) ("The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant.").

It is not clear that Spencer or Spencer Yachts have plausibly pleaded that Sabga and Alonzo are directly liable to Afunday. Cf. Royal Ins. Co. of Am. v. Sw. Marine, 194 F.3d 1009, 1018 (9th Cir. 1999) (holding that third-party complaints satisfied Rule 14(c) by referring to the rule and explaining how

and why third-party defendants were liable to the original plaintiff). The facts alleged do not suggest that Sabga and Alonzo acted as individuals rather than as Afunday's agents. And Spencer and Spencer Yachts have not contended that, as agents, Sabga and Alonzo would be liable to Afunday. But the district court does not appear to have relied on this arguable deficiency. And Spencer and Spencer Yachts also appeal the denial of leave to amend their third-party complaints to make pellucid the basis for claiming that Sabga and Alonzo acted independently, on Sabga's behalf. So we put to one side the issue of whether the third-party complaints' factual allegations are sufficient to state a Rule 14(c) claim.

We instead train our attention on whether the district court properly relied on Afunday's concession accepting responsibility for any fault of Sabga or Alonzo as a basis to dismiss the Rule 14(c) complaints seeking to assert that the third-party defendants are directly liable to the original plaintiff. In the district court's view, the third-party complaints did not plausibly allege that Sabga and Alonzo "were acting in their own self-interest," and the court did not discern a difference between either holding them liable as individuals based on the third-party complaint or reducing Afunday's recovery in proportion to their comparative fault based on an affirmative defense. Put another way, the district court concluded that dismissal was warranted

- 8 -

because neither Spencer nor Spencer Yachts would incur any meaningful benefit from impleading Sabga and Alonzo.

Rule 14(c) itself contains no requirement that the pleading pose a potential benefit. On the other hand, Rule 16 bears on this matter. It grants the district court discretion to "take appropriate action" to "facilitat[e] . . . the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(P). It also allows a district court, when appropriate, to set a separate trial for the adjudication of a third-party claim, Fed. R. Civ. P. 16(c)(2)(M), and to otherwise "simplify[] the issues," Fed. R. Civ. P. 16(c)(2)(A). Here, for example, the court could have simply reserved adjudication of the third-party complaints until after the respective faults of all parties were adjudicated in resolving Afunday's claim. At that point, at least as these parties describe the dispute, there would be nothing left to decide.

We therefore see no practical difference between delaying the adjudication of the third-party complaints and dismissing them. In either event, Spencer and Spencer Yachts would end up in exactly the same place because they are guaranteed that any negligence by Sabga and Alonzo would reduce a damage award against Spencer or Spencer Yachts. Far from creating a risk of duplicative proceedings, this method of apportioning comparative

fault obviates the need for follow-on litigation seeking contribution from Sabga and Alonzo.

If the third-party plaintiffs had shown that dismissal of their pleadings would harm them, we would likely reverse. When we explored the possibility of prejudice by asking for supplemental filings addressing possible prejudice to Spencer or Spencer Yachts, the Spencer parties pointed to an unsupported assertion that Sabga's personal insurance would be triggered only by a direct claim against him. This response hardly answered the question. Regardless of whether the policy covers the incident, neither Spencer nor Spencer Yachts will incur any liability or share of liability for fault attributed to Sabga for actions that Afunday concedes Sabga performed as its agent.

At oral argument, counsel for the Spencer parties suggested that the policy, once triggered, would pay for Spencer's legal defense. But if that is really the reason for objecting to the district court's ruling, one would have expected that reason to have been trotted out front and center in the district court, and certainly in the Spencer parties' various briefs on appeal. Forfeited arguments in civil cases fare poorly. See Teamsters Union, Loc. No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992). And arguments withheld from the briefs on appeal fare even worse. See Piazza v. Aponte Roque, 909 F.2d 35, 37 (1st Cir. 1990) ("Except in extraordinary circumstances . . . , a court of

- 10 -

appeals will not consider an issue raised for the first time at oral argument."). Noting that even now the Spencer parties do not explain how the policy works in the asserted manner, we see no extraordinary circumstances that would justify our consideration of this argument forfeited in the district court and waived on appeal.

Spencer and Spencer Yachts have also suggested in their supplemental filing and at oral argument that discovery against Sabga might be easier if Sabga and Alonzo are parties to the action rather than witnesses. But we understand that Sabga and Alonzo -- represented by Afunday's counsel to be Afunday's agents -- will not attempt to gain any advantage not available to a party. And if that turns out to be wrong, or if there should develop any presently unforeseeable prejudice to Spencer or Spencer Yachts due to the lack of a third-party complaint, the district court on remand can always revisit the pleadings to the extent necessary. Fed. R. Civ. P. 15(a)(2) (allowing amendment "when justice so requires").

## II.

For the foregoing reasons, we <u>affirm</u> the judgment of the district court. Each party shall bear its own costs.

**– Dissenting Opinion Follows –**

- 11 -

**BARRON, Circuit Judge, dissenting.** I read the District Court to have ruled that the claims for contribution that the third-party plaintiffs -- Joseph Daniel Spencer and Spencer Yachts, Inc. ("Spencer")[1] -- brought pursuant to Federal Rule of Civil Procedure 14 against Sean Alonzo and Anthony Norman Sabga fail plausibly to allege that either man was not acting merely as an agent of Afunday Charters, Inc., ("Afunday") at the relevant times, at least given the stipulation by Afunday, Alonzo, and Sabga that the two men <u>were</u> acting as Afunday's agents. I further read the District Court to have concluded that, in consequence of that pleading deficiency, these contribution claims under Rule 14(a) may not go forward because they are necessarily redundant of Spencer's own affirmative defense of comparative negligence that it asserts in response to the claims that Afunday has brought against Spencer.

But, while Spencer's complaint is hardly as fulsome as one might hope, it states that Sabga was acting "in his capacity as the chief executive officer or president of Afunday Charters, Inc., <u>or alternatively</u>, in his capacity as the sole shareholder of Afunday Charters, Inc.," (emphasis added), and that Sabga hired Alonzo. Under the notice pleading standard, <u>see</u> Fed. R. Civ. P.

---

[1] As no party asserts there is any legally meaningful distinction between Spencer and Spencer Yachts with respect to the issues before us on appeal, I refer to both third-party plaintiffs collectively.

- 12 -

8(a), I cannot see why more was required for Spencer plausibly to allege that neither Alonzo nor Sabga was acting merely as an agent of Afunday during the period that mattered. Accordingly, as Spencer's comparative negligence defense is premised on the two men having acted as Afunday's agents, I conclude that the District Court has failed to offer an adequate rationale for dismissing Spencer's Rule 14(a) claims for contribution against Alonzo and Sabga insofar as they allege that the two men were acting for themselves and not for Afunday.

There remains to address the District Court's dismissal of Spencer's Rule 14(c) claims regarding Alonzo and Sabga. These claims are not for contribution. They allege instead that the two men are directly liable to Afunday. Here, too, I read the District Court to have dismissed the claims based on the understanding that they could not go forward because they plausibly plead only that Alonzo and Sabga were acting as Afunday's agents at the times that mattered and thus necessarily rise and fall with the comparative negligence defense that Spencer asserts against the claims that Afunday brings. But, as I have explained, Spencer's complaint does not allege that the two men were acting only as Afunday's agents. It alternatively pleads that they were acting for themselves. Accordingly, I cannot see how the District Court's dismissal of these Rule 14(c) claims can be upheld either.

Moreover, I read Spencer's briefing to us to argue that, even insofar as the Rule 14(c) claims characterize Alonzo and Sabga as Afunday's agents, they may go forward, notwithstanding the nature of the comparative negligence defense that Spencer asserts against the claims that Afunday brings as a plaintiff in its own right. And, I read the District Court to have dismissed this variant of Spencer's Rule 14(c) claims based solely on the finding of redundancy that it made as to the Rule 14 claims generally -- and thus without accounting for this type of claim being one for direct liability under Rule 14(c) rather than contribution under Rule 14(a). I thus would require the District Court to address this variant of Spencer's Rule 14(c) claims on remand as well.

I do recognize that if we were to vacate the order dismissing Spencer's Rule 14 claims, as I conclude that we must, then the District Court on remand might well choose to proceed just as the majority concludes that it is entitled to under Federal Rule of Civil Procedure 16. But, even if the District Court chose to follow that course, Spencer then could challenge that exercise of discretion on appeal by advancing contentions like those that it has made to us about the advantages that keeping the Rule 14 claims in the case would have in terms of discovery and enforcement of insurance policy terms. And, were Spencer to do so, we then would have the benefit of something that we now lack -- an assessment of those contentions by the adjudicator most conversant

- 14 -

with the ins and outs of the case.  Thus, slow as the usual process of adjudication may be, I would not short-circuit it by effectively affirming a ruling that has not yet been made.

For these reasons, I respectfully dissent.